[Civ. No. 3966. First Appellate District, Division Two.—October 5, 1921.]

BARBARA CALIFORNIA MUNRO, à Minor, etc., et al., Respondents, v. M. V. WHITLOW et al., Appellants.

[1] APPEAL—ORAL ARGUMENT—ATTACK UPON FINDINGS—FAILURE TO RAISE POINT IN BRIEFS.—Where in the oral argument the appellants assail the finding of the trial court upon a given issue, but the point was not raised in the briefs and, although the appeal was prosecuted under section 953a of the Code of Civil Procedure, none of the evidence bearing upon that phase of the case was printed or referred to by the appellants, the appellate court is not required to consider the point further than to say that on a record so presented the finding of the trial court will be deemed sufficient.

[2] PRESCRIPTION — POSSESSION BY LIFE TENANT — CONSENT OF REMAINDERMAN.—When possession of real property is taken under a claim of ownership to the extent of a life interest with the recognition of the claim of the remainderman and with his consent, such possession may ripen into title by prescription as against all others.

[3] EJECTMENT—ISSUES—VALIDITY OF TAX DEED—DIRECT ATTACK—EVIDENCE.—In an action in ejectment, where the defendants, relying upon a tax deed, put it in issue by their answer and cross-complaint and offer it in evidence as a part of their case, the plaintiffs' attack against its validity is direct, and not collateral; and if the grounds of attack relate to the proceedings mentioned in section 3786 of the Political Code, the deed is but *prima facie* evidence of the regularity of such proceedings.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

Milton Shepardson and L. A. Kottinger for Appellants.

Elston, Clark & Nichols for Respondents.

NOURSE, J.—Plaintiffs sued in ejectment to recover possession of certain real property situated in the city of Berkeley, county of Alameda. The complaint was in the ordinary form, alleging that the plaintiffs were the owners by title in fee simple absolute; that, on or about July 22, 1919, the defendants wrongfully and without right entered into the possession and occupancy of said premises and excluded plaintiffs therefrom; and that the value of the use and occupation thereof was seventy-five dollars a month. Prayer followed that plaintiffs be put in possession and that they recover the value of the use and occupation from the date of the ouster.

Defendants answered jointly denying the allegations of the complaint, and, in a separate answer, alleged that defendant George Biaggi purchased the property from the state at a public tax sale held on July 10, 1919; that the sale followed the failure to pay the taxes assessed thereon for the year 1913; that on July 17, 1919, he obtained a deed thereto from the tax collector and ever since has been the owner in fee simple and in the possession of the premises; and that plaintiffs claim some interest or estate therein adverse to said defendant. Prayer followed for a decree adjudging said defendant to be the owner in fee of the property, adjudging that plaintiffs have no estate or interest therein, and for general relief. At the opening of the trial it was stipulated that all the allegations of the answer be deemed denied and the trial proceeded on the issues so framed.

The pleadings present a cause in ejectment on the part of plaintiffs, a denial and a separate answer in the nature of a cross-complaint to quiet title on the part of defendants, and a trial on these mixed issues of law and equity without objection from either party. The trial court found that the tax deed upon which defendants relied was void on account of various irregularities in the tax proceedings and gave judgment for plaintiffs, decreeing that plaintiff Maud May Munro was the owner of a life estate in the property; that plaintiff Barbara California Munro was the owner of a remainder interest subject only to said life estate; and that defendants have no right, title, or interest therein. The

equities of the case were adjusted by awarding to defendant George Biaggi the sum paid into court by plaintiffs representing the amount of his outlay as a result of the tax sale.

The appeal is prosecuted under section 953a of the Code of Civil Procedure. The issues are plainly stated in appellants' opening brief to be: "1st. That the respondents wholly failed to show a record title chaining back to a paramount source, and hence they failed to prove a fee simple title. 2nd. That respondents wholly failed to show a prior actual possession of the premises, *under a claim of ownership in fee;* that any possession without such a claim, is not presumptive evidence of title. 3rd. That if the evidence had been sufficient to show in plaintiffs either a record title, or a prior actual possession taken under a claim of ownership, such title or possession of respondents, and all outstanding title to the property was, on July 10th, 1919, sold and conveyed by the State of California, through the Tax Collector of Alameda County, to George Biaggi, an appellant here.''

[1] In the oral argument appellants assailed the finding of the trial court upon the issue of the validity of the tax deed, but, as this point was not raised in the briefs and as none of the evidence bearing upon that phase of the case has been printed or referred to by appellants, this court is not required to consider the point further than to say that, in a record so presented, the finding of the trial court will be deemed sufficient.

As to the first point urged by appellants, it is sufficient to say that respondents showed a record title by deed from Mrs. M. J. Woolley, dated June 9, 1905, and recorded January 24, 1907, immediately after Mrs. Woolley's death. They then showed peaceful and uninterrupted possession of the premises for over twelve years accompanied by the payment of all taxes assessed thereon for more than five years. The deed was received in evidence without objection after counsel for respondents had asked appellants' counsel if he would insist upon his showing the deraignment of title. If appellants had objected to the admission of the deed when it was finally offered in evidence, respondents would have had ample opportunity to make this proof. As they made no objection, respondents were entitled to assume that the point was waived. Thus, if the proof had been attempted and had

showed no title in the respondents as of the date of the tax
levy, such proof would have defeated the claim here asserted
by the appellants as well as the respondents. If the proof
had been otherwise, it would have benefited the appellants
as well as the respondents.

[2] As to the second point urged by appellants, the
record shows that Maud May Munro was the owner of a life
estate and her coplaintiff was the owner of the remainder.
Cases are cited to the effect that actual possession cannot
ripen into prescriptive title unless the possession was taken
under a "claim of ownership." From these it is argued
that the mother could not obtain any title through posses-
sion unless possession was "taken under a claim of owner-
ship in fee simple absolute, against all the world." Putting
it in another way, the contention is that as Maud May
Munro claimed a life estate only and took possession under
the deed, thus recognizing the remainder interest of her
daughter, she did not obtain any title at all through posses-
sion. Appellants have cited no authority directly in point,
and in view of what has been said regarding the proof of
title by deed, the question is not of sufficient importance to
require original research by the court. It is a question
which would not arise frequently because the claimant of a
life estate would naturally claim under some paper title—
such as by will or deed—and the matter of possession would
be immaterial. But in the absence of authority, we would
not hold that such a claimant could not obtain good title
by adverse possession if some technical defect appeared in
the paper title. Though, strictly speaking, the claimant of
a life estate does not hold or claim the fee, he does "claim
ownership" to the extent of the life interest. When pos-
session is taken under such a claim of ownership with the
recognition of the claim of the remainderman and with his
consent there does not seem to be any sound reason why
such possession may not ripen into title by prescription as
against all others.

[3] Appellants' argument on their third point is that
respondents could not impeach the tax deed they offered in
evidence—they could not collaterally assail it—that the tax
deed was not void on its face and it conveyed the absolute
title to the property. The answer is that appellants them-
selves put this tax deed in issue by their answer and cross-

complaint and prayed judgment quieting the title based on the deed. They offered the deed in evidence as a part of the respondents' case and the attack which respondents made was, therefore, direct and not collateral. The deed to Biaggi and nothing more is printed in appellants' brief. We are not even informed upon what grounds it was attacked. It is argued that it is conclusive evidence of the regularity of all proceedings from the assessment up to the execution of the deed, and section 3787 of the Political Code is cited as authority. But this section refers to all "other" proceedings. (*Bernhard* v. *Wall*, 184 Cal. 612 [194 Pac. 1040, 1045].) If the grounds of attack related to the proceedings mentioned in section 3786, then, under that section, the deed was but *prima facie* evidence of the regularity of such proceedings. Upon the record as presented we find no error.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after decision in the district court of appeal, was denied by the supreme court on December 1, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.