BOWLING, Justice,
for the Court:
This is a consolidated appeal in Cause No. 51,318, Amanda Williams, et al. v. Mary Woodruff, and No. 51,408, Amanda Williams, et al. v. Mary Woodruff, et al., from the Chancery Court of Rankin County. In its decree in Cause No. 51,408, the lower court held that appellee owned fifteen acres of land in Rankin County by adverse possession. We affirm both causes.
Appellants filed their bill of complaint to remove as a cloud on their purported title to the property in question the claim.of appellee to ownership. Appellee filed her answer and cross-bill of complaint requesting a confirmation of her title. A brief discussion of the history of the property is required.
Appellants are children and grandchildren of Phil and Frances Lockman. Appel-lee is a daughter of Beatrice Dale, deceased daughter of the Lockmans. In December, 1933, Frances Lockman received a deed to one-half interest in thirty acres of land from J. W. McRae. The other one-half interest was conveyed to one Anna Jones. Phil and Frances Lockman lived on the land until their deaths, both of which occurred in July, 1966. On May 25,1959, Frances Lock-man conveyed by warranty deed her one-half undivided interest in the thirty acre tract to her daughter, Beatrice Dale, who lived on the land with her parents and continued to live there until the death of her parents. After their deaths, the heirs of Anna Jones and Beatrice Dale agreed to divide the land in kind and this was done by mutual exchange of deeds on September 27, 1966. On the same day, Beatrice Dale executed a warranty deed to her daughter, Mary Woodruff, the appellee herein, to the fifteen acres she received under the division of the total tract. The grantor in the deed reserved a life estate.
There is abundant testimony that in either 1964 or 1965, appellee started building a home on the property in question, which was completed in July, 1967. The proof is clear that at all times subsequent to receiving her deed appellee began exercising acts of ownership, as found by the chancellor.
Beatrice Dale, appellee’s mother and grantor in her deed, lived until November 2, 1968. She lived in the home built by appel-lee and they exercised control and dominion over the property in a joint capacity until Dale’s death. Evidence was abundant that the property was fenced by mother and daughter; they planted produce on the land, and sold timber therefrom. The chancellor found that prior to the mother’s death, both mother and daughter actively used the property as their own.
Appellants, after presenting their evidence, ascertained that they were unable to proceed with the cloud removal suit due to the inability of getting the title into J. W. McRae, the grantor of Frances Lockman and Anna Jones. To establish their title, appellants contend that the deed of May 25, 1959, from Frances Lockman to her daughter, Beatrice Dale, was void because it was not executed by Phil Lockman under his homestead rights. Appellants moved for and secured a nonsuit of their bill of complaint and the case proceeded to trial on the cross-bill of complaint of appellee. After the evidence was concluded and shortly before a final decree was rendered by the chancellor, appellants filed a new bill of *234 complaint basing the original title in Phil and Frances Lockman on adverse possession, and still contending that the deed from Frances Lockman to Beatrice Dale was void as Phil Lockman did not join therein.
The chancellor rendered his opinion confirming title in appellee under adverse possession pursuant to the provisions of Mississippi Code Annotated section 15-1-13 (1972). Appellee then filed her motion to dismiss the new bill of complaint filed by appellants on the ground of res judicata, and this motion was sustained. Appellants appealed that action in Cause No. 51,318, consolidated with Cause No. 51,408.
The sole question in the appeal is whether or not the fact that the life tenant, Beatrice Dale, by meeting her death on November 2, 1968, started appellee’s adverse possession running on that date, and, therefore, less than ten years prior to appellants’ suit. In other words, did the approximately two year life estate of the life tenant prohibit adverse possession from running as to ap-pellee?
Appellants contend that appellee’s possession during the life of the life tenant did not constitute adverse possession as it was not “hostile and exclusive” against the entire world, including the life tenant.
We cannot agree with appellants’ contention. Admittedly there is a scarcity of authorities on this question. However, we find in 31 C.J.S. Estates, § 66, page 136, the following:
The possession of the life tenant may be adverse as against third persons so as to create a valid title by adverse possession in favor of the life tenant and the re-maindermen or reversioner.
See also Ray, et al. v. Farrow, 211 Ala. 445, 100 So. 868 (1924); Munro v. Whitlow, 54 Cal.App. 448, 201 P. 964 (1921); Ryon, et al. v. Commercial Bank, et al., 219 S.W. 652 (Mo.1920).
Our decision is fortified by the opinion of this Court in the case of Watts, et al. v. Watts, 198 Miss. 246, 22 So.2d 625 (1945), where the Court set out the principle that,
[T]he clause, “The Grantor herein specifically reserves until herself a life estate in and to the above described property, the title to same to be vested in the said Booster Watts at the death of said Grant- or herein,” does not postpone until death of the maker the vesting of title to the property. These words are sufficient to pass immediate interest or right, although the enjoyment thereof be postponed until the death of the maker, when the full enjoyment merges with the previously vested interest or right.
As hereinbefore set out, Beatrice Dale received a warranty deed from her mother on May 25,1959, and resided on the property with her parents until their death in July, 1966. Upon execution and delivery of the deed to appellee the mother continued living with appellee and according to the finding of the chancellor, abundantly supported by the evidence, the two [mother and daughter] continued to reside in the same home on the property, and jointly exercised dominion and control over the property. The hostile and adverse possession of the life tenant was undoubtedly for and on behalf of the daughter remainder-man living with her. The actions of both, acting jointly, were sufficient to create adverse possession from the time of the deed to the grantee until the mother’s death, and, therefore, should be tacked on to ap-pellee’s adverse possession subsequent to her mother’s death.
THE DECREES IN BOTH CAUSES ARE AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.