## HEATH *et al. vs.* LENT, Administrator, &c. *et al.*

In an action on a bond given on suing out an attachment against the property of a debtor, who was a merchant, where the sheriff had levied on no property except real estate, and the debtor had never been disturbed or molested in the possession of the real estate; *Held*, that evidence as to the general effect of an attachment upon the credit and reputation of merchants, ought not to have been submitted to the jury, on the ground that damages resulting therefrom are too remote and contingent; and *Held* further, that counsel fees paid by the attachment debtor in the defense of the suit commenced by the writ of attachment, over and above the taxable costs, were not recoverable, and that the district judge erred in refusing, when requested, to instruct the jury to that effect, after having admitted evidence of the amount of such counsel fees.

In an action on an attachment bond, it is improper to admit evidence of depreciation in value of real estate attached. *Per* HASTINGS, Ch. J.

It *seems*, that a verdict for $3000, in a suit on an attachment bond, where no property has been levied on under the writ of attachment except real estate, in the possession of which the debtor has not been disturbed, will be deemed excessive, and reversed on that ground.

Where, in an action against an administrator, the complaint is founded on an instrument alleged to have been executed by the intestate, it is not necessary, under the statute, that the administrator should deny the signature of the intestate on oath. It must be proved.

The misjoinder of plaintiffs may be corrected by amendment, where a new trial is granted, on such terms as the district judge may deem just: So *held*, in an action brought by two persons as co-plaintiffs on an attachment bond, where it appeared that the property of only one of them had been seized under the writ of attachment.

APPEAL from the district court of the county of San Joaquin. All the material facts are stated in the opinion of the court.

*Wm. Smith,* for plaintiffs.

*Mr. Perlee,* for defendants.

*By the Court,* HASTINGS, Ch. J.   The respondents brought this action on an attachment bond executed by Belt & Owens, as principals, and B. S. Knapp, deceased, as surety.   Administration was had of the estate of Knapp, by the public administrator, who was made a party defendant.   Afterwards, Lent, having been duly appointed administrator, was substituted for the public administrator, as a defendant.   The respondents recovered a judgment against the defendants for the sum of $3000, a verdict having been rendered for that amount by a jury.   A motion to set aside the verdict and grant a new trial was overruled.   The record contains the testimony as taken by the clerk, most of which was illegal, and should not have been permitted to go to the jury.   The property attached was real estate.   The possession of the owner of the property was not disturbed, and it is difficult to perceive how any thing further than nominal damages can be recovered for the injury caused by the attachment, as no damages could have accrued, except for the injury of which the writ of attachment was the direct and proximate cause.   The cases cited by counsel, from 25 *Wendell, p.* 383, *and* 3 *Denio, p.* 246, support this position, and, if correct, it would follow that the damages were excessive. The signature of Knapp to the attachment bond should have been proved.   The statute provides, that when a complaint or answer is founded on an instrument in writing, which is alleged to have been signed by the party, the signature shall be considered as admitted, unless denied by such party on oath.   The party to be charged was the representative of the estate of the person whose signature appears on the bond.   He had not signed the instrument, and could not deny upon oath its execution by the deceased.   It is clear that the statute does not extend to any other parties than those who are alleged to have signed the instrument.   Such parties are supposed to know the genuineness of their own signatures, but it would be unreasonable to

suppose that the representatives of a deceased party possess the same knowledge.

All the testimony in regard to the depreciation of real estate during the time when the attachment was in existence, and about the injury to the credit and reputation of the respondents, and of the general effect of an attachment upon the credit and reputation of merchants, ought not to have been submitted to the jury. Such injuries are too remote, and cannot be the immediate result of an attachment upon real estate, of which the possession is not taken on the writ.

In an action on a bond for damages accruing from a wrongful suing out of an attachment, counsel fees constitute no part of the damages. This is well settled in analogous cases, and the court erred in refusing so to instruct the jury. There are other illegal testimony and irregularities, which it is not necessary to examine, as it is evident the judgment ought to be reversed.

The misjoinder of the parties, both plaintiffs and defendants, can be corrected by amendment under the statute. If it appear in evidence that the property of but one of the plaintiffs was attached, then it would seem that he alone should be plaintiff. The direct injury, if any, was suffered by him, and he alone is entitled to the damages, if any should be recovered. If the co-plaintiff, whose property was not attached, has suffered in his good name and reputation by reason of the wrongful suing out, this is a consequence, not of the seizure of his co-plaintiff's property, but of the facts stated in the affidavit for the writ, which, if true, or the affiant had good reason to believe to be true, will fully justify the issuing of the writ, and if the contrary, then the party will have a remedy, not upon the bond, but in the criminal code, or by his private action for the tort. The judgment is therefore reversed, and cause remanded.