[L. A. No. 563.   Department One.—June 22, 1899.]

R. H. KNIGHT et al., Appellants, v. ROSA L. WHITMORE,
Respondent.

CONTRACT PLEADED IN ANSWER—ADMISSION OF GENUINENESS AND
DUE EXECUTION—EVIDENCE—AUTHORITY OF AGENT OR PARTNER.
—The genuineness and due execution of a contract, a copy of
which is fully set forth in the answer, with the signatures there-
to appended, must be deemed admitted for all the purposes of
the trial, if not denied by affidavit, as provided in section 448 of
the Code of Civil Procedure. Such contract need not be for-
mally offered in evidence, nor its execution proved, nor need
the authority be established of an agent or partner purporting
to sign the names of the plaintiffs thereto.

ID.—ACTION FOR LEGAL SERVICES—GENUINENESS OF CONTRACT IN
FORMER FIRM NAME—DISSOLUTION OF FIRM—OBLIGATION OF RE-
MAINING PARTNERS.—In an action by two partners, to recover
for legal services, where the genuineness and due execution of
a written contract pleaded in the answer, which was signed
in the name of a former firm, of which they were members, by
a former partner, is admitted by failure to deny the same by
affidavit, the plaintiffs are bound thereby individually after
dissolution of the former firm, and cannot charge for subse-
quent services contrary to its terms, in the absence of clear proof
that the written contract was displaced by a second agreement.

ID.—PERFORMANCE OF SERVICES UNDER CONTRACT—PLEADING—EVI-
DENCE—WAIVER OF OBJECTION.—Where the answer pleading the
contract sets out matters fairly the equivalent of an allega-
tion that the services of the plaintiffs were performed there-
under, and evidence to that effect was admittted without objec-

tion, the absence of a formal allegation to that effect is immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Knight & Harpham, for Appellants.

J. G. Rossiter, and Goodrich & McCutchen, for Respondent.

GAROUTTE, J.—Plaintiffs have brought this action to recover for legal services, and, judgment going against them, have appealed to this court. They rely upon an alleged oral contract of hiring. As a defense the defendant set out an agreement in writing, which is in the following language:

"Pasadena, Cal., April 8, 1895.
"In the Matter of the Estate of George S. Foster, Deceased—
    Agreement as to compensation.
"We do hereby agree with Mrs. Rosa L. Whitmore, administratrix of said estate, that we will proceed immediately with the above estate in the superior court, and will push the same as fast as possible, and will pay all extra costs in said case occasioned by an error upon our part; and when the case is entirely completed and the property distributed, and she is properly discharged as such administratrix, she shall determine for herself what our compensation as attorneys shall be, and we will make no charge or demand against her or said estate for our services as attorneys.
            "(Signed)     KNIGHT, SIMPSON & HARPHAM,
                              "By C. M. Simpson."

The aforesaid agreement was not denied by affidavit, as provided in section 448 of the Code of Civil Procedure; therefore its genuineness and due execution must be deemed admitted for all the purposes of the trial. (*Moore v. Copp*, 119 Cal. 429.)

Simpson was a member of the legal firm of Knight, Simpson & Harpham for a year immediately prior to April 1, 1895, but it is now claimed by plaintiffs that this firm was dissolved upon said April 1st, and that, therefore, Simpson had no authority to bind them by the contract he entered into in behalf of the

firm with defendant. It is somewhat strange that a member
of the bar should enter into a contract purporting to bind a
firm of which he had been a member, and which had been in
existence at a very recent date, if the firm was not in existence
at the time the contract was made. This fact alone might be
deemed sufficient to create a conflict in the evidence upon the
question as to whether or not the firm of Knight, Simpson &
Harpham was dissolved in fact at the time this contract was en-
tered into. But we need not rest alone upon this proposition.
The contract upon its face shows that Knight, Simpson & Harp-
ham agreed to perform the services specified without charge
or demand against defendant or said estate. Plaintiffs admit
the genuineness and due execution of this contract. Such ad-
mission carries with it the genuineness of the signatures and
the fact of its execution, and also necessarily the further fact
that Simpson had authority to sign the names of these plain-
tiffs to the document. It follows therefrom that this contract
bound plaintiffs to do this work equally with Simpson, and they
could not evade the force and effect of its provisions by a dis-
solution of the firm after that time. If such a firm was in ex-
istence, they were bound as a firm. If it was thereafter dis-
solved, they were bound individually. Even conceding that
plaintiffs alone did all the work, it makes no difference. It
would require very clear evidence to indicate that there was
a second contract entered into by plaintiffs with defendant, un-
der which they performed this labor, and that this written con-
tract was displaced thereby. The jury declared to the contrary,
and we are entirely satisfied with the view they took of the
facts.

The trial court refused to give the jury the following instruc-
tion: "The jury are instructed that the only effect of the failure
to deny under oath the contract of April 8, 1895, is to admit
its due execution and genuineness, but does not dispense with
its introduction in evidence, and that, as the defendant did not
offer the contract in evidence, the jury are not to take the same
into consideration in forming their verdict in this case." This
instruction was properly refused. The writing having been set
out in the pleading, and its genuineness and due execution hav-
ing been admitted, a formal offer in evidence of the original

document was not necessary. (*Rosenthal v. Merced Bank,* 110 Cal. 198; *Brooks v. Johnson,* 122 Cal. 570.)

The point is made that there is no allegation in the affirmative defense alleging that the services performed by plaintiffs were performed under the said written contract. Even conceding such an allegation necessary, we deem the matters set out are fairly the equivalent of such an allegation, and evidence was introduced to that effect without objection.

There is no merit in the remaining questions raised by the appeal.

For the foregoing reasons the judgment and order are affirmed.

McFarland, J., and Harrison, J., concurred.