[Civ. No. 387.    Second Appellate District.—September 30, 1907.]

# CLEMENTINE P. MARX, Respondent, v. RALEY & COMPANY, Appellant.

ACTION FOR GUARANTEED PRICE OF FRUIT SOLD—PLEADING—ANSWER
SETTING UP EXPLANATORY LETTER—EXECUTION NOT DENIED—EVIDENCE.—In an action to recover a guaranteed price per box of fruit
sold by plaintiff's assignors to the defendant, where the answer
pleads in full a letter referring to a previous letter, and giving
a special interpretation to it, and sets forth that the goods were
shipped pursuant to the letter pleaded, such letter is not a written
instrument upon which the defense is based within the meaning of
section 448 of the Code of Civil Procedure, requiring the execution thereof to be denied under oath, and in the absence of such
denial, the court properly allowed proof that the letter pleaded
was not received, and that on the faith of another written proposition sent to plaintiff's assignors guaranteeing a fixed price per
box, and ratifying previous personal negotiations by telephone, the
goods were shipped.

ID.—PROOF OF INCORPORATION OF DEFENDANT—ADMISSION IN LETTER.—
The admission in a letter from the defendant sent to the plaintiff's
assignors that the defendant is a corporation is sufficient to support a finding of the corporate character of the defendant.

ID.—FRUIT SHIPPED BY OTHERS THROUGH ASSIGNORS—LIABILITY OF DEFENDANT.—Where fruit was shipped by other parties through plaintiff's assignors to the defendant, whatever rights they acquired to
the proceeds when sold were through such assignors, with whom alone
defendant contracted, and to whom alone defendant was liable.

ID.—EFFECT OF ASSIGNMENT—ENTIRE CAUSE OF ACTION—INTEREST.—
The assignment by plaintiff's assignors to the plaintiff was sufficient to transfer to plaintiff the entire cause of action, and when
all the goods shipped were sold by the defendant, the right of the
plaintiff to receive the price guaranteed became fixed, and from
the date of the sale plaintiff, as assignee, was entitled to interest
under section 3287 of the Civil Code.

ID.—DATE OF SALE—IMPLICATION.—Where fruit appears to have been
ordered early in December for the Christmas trade, it cannot be
said that the court erred in finding by implication that it was
sold December 21st, where the exact date of the sale was not shown.

APPEAL from a judgment of the Superior Court of Tulare
County, and from an order denying a new trial.   H. C. Austin, Judge presiding.

The facts are stated in the opinion of the court.

C. D. Wright, and Robert M. Wright, for Appellant.

Charles G. Lamberson, and Frank Lamberson, for Respondent.

ALLEN, P. J.—Action for the price and value of personal property sold and delivered. Judgment for plaintiff. Order denying a new trial. From the judgment and order defendant appeals.

The unverified complaint alleges the sale and delivery by plaintiff's assignor to defendant, a corporation, of a car of oranges and pomelos at a guaranteed price of $2.25 per box, nonpayment of which is averred. The answer comprises a general denial and a special defense that the goods were shipped to defendant to be sold on commission, and alleges a full compliance upon defendant's part and a tender to plaintiff's assignor of the proceeds, less certain expenses. And in the answer it is averred that the goods were received and shipped pursuant to a letter alleged to have been sent by defendant and deposited in the United States mail on December 9, 1904, before the shipment of said car. This letter was set out in the answer *in haec verba,* and, omitting date and address, is as follows:

"In our letter to you a few days ago referring to price on the car of oranges you are to ship for Xmas trade, at $2.25 per box, the said price means consignment basis, same as all the shipments we handled for you, freight, commission, and drayage to be deducted from this amount. If you understand it this way ship the car as per our order; if not, don't ship it, as we are certain this is the very highest price that can be obtained this month. . . ."

Upon the trial the court admitted testimony upon the part of plaintiff that no letter as set out in the answer had ever been received; and the evidence being satisfactory that the shipment was under an express contract to pay the price alleged in the complaint, judgment was accordingly rendered for plaintiff.

The principal contention of appellant is that the letter set out in the answer was a written instrument upon which its defense was based, and its execution was not denied under oath. Hence, under section 448, Code of Civil Procedure, no

proof was admissible controverting its due execution. If the
paper set out is an instrument upon which the defense rests,
its execution, which comprehends delivery, is admitted, and it
is immaterial how this delivery was effected, whether per-
sonally or by mail. In our opinion, however, the letter em-
bodied in the answer is not an instrument upon which the de-
fense is founded in contemplation of the code. *Heath* v. *Lent,*
1 Cal. 411, declares: ''It is clear that the statute does not
extend to any other parties than those who are alleged to have
signed the instrument.'' In this case, as in that, it would be
unreasonable to say that the plaintiff was bound to know
the genuineness of the signature of the defendant. In ad-
dition, the letter set out does not purport to contain any con-
tract or obligation on the part of plaintiff, but refers to
certain written communications not set out and undertakes
only to give a construction thereof as intended by the writer;
in other words, it is merely explanatory of the language used
in a former letter which, by inference, may be said to contain
the original terms of the contract, and which original letter
appears in the record and is susceptible of no such construc-
tion or intendment. Further, the explanatory letter set out in
the answer referred to another letter, dated several days prior
to December 9th, while on December 9th, as is shown by the
record, a written proposition to guarantee $2.25 per box for
both kinds of fruit was sent to plaintiff, and on the faith of
which, as an original promise and as ratifying previous per-
sonal negotiations by telephone, the goods were shipped. The
previous letters and the explanatory letter were then imma-
terial, and no prejudice resulted from the admission of such
testimony, were the error even conceded.

It is suggested that no proof of defendant's incorporation
was made. It does appear, however, in the record that defend-
ant represented in one of its letters to plaintiff's assignors
that it was a corporation, which is sufficient to support the
finding of the corporate character of the defendant.

Certain of the goods shipped were furnished by parties
other than Marx & Rice, plaintiff's assignors, but it is clear
that whatever rights those persons acquired to the proceeds
when sold were through Marx & Rice, with whom alone de-
fendant contracted and to whom alone defendant was liable.
The assignment of Marx & Rice was sufficient to transfer to
plaintiff the entire cause of action. Treating the contract,

as shown by the record, to be one guaranteeing $2.25 per box, and not a contract promising to pay that sum upon delivery of the fruit, nevertheless it was a guaranty that when sold the defendant would pay at least $2.25 per box therefor. It appears that before January 14, 1905, the goods had been sold, and under the contract the right of plaintiff to receive at least the price guaranteed became fixed, and from the date of sale plaintiff, as assignee of Marx & Rice, was entitled to interest, under section 3287, Civil Code. (*Lane* v. *Gluckauf*, 28 Cal. 295, [87 Am. Dec. 121].) The exact date of the sale not being shown, we cannot say that the court was in error when it found, by implication, that such sale was made December 21, 1904.

We find no error in the record, and the judgment and order are affirmed.

Taggart, J., and Shaw, J., concurred.