[Civ. No. 3891. Second Appellate District, Division One.—May 3, 1922.]

FRANK J. KRUG, Respondent, v. JULIA P. WARDEN et al., Defendants; M. N. SINCLAIRE, Intervener and Appellant.

[1] QUIETING TITLE—EVIDENCE — DEED UNDER FORECLOSURE PROCEED-INGS—PRIMA FACIE PROOF OF OWNERSHIP.—Where in an action to quiet title it appeared that during all the time subsequent to the making of a sheriff's deed pursuant to a decree of mortgage foreclosure the plaintiff had been in possession of the property and claimed title thereto, the deed was sufficient *prima facie* to prove ownership without establishing the chain of title precedent to the decree of foreclosure.

[2] ID.—CLAIM UNDER TAX DEED—PLEADING — FAILURE TO DENY BY AFFIDAVIT—EFFECT OF.—Where in an action to quiet title an intervener claimed an interest in the property under a deed made pursuant to a sale in a delinquent street assessment proceeding, and such deed was set forth in his pleading, the plaintiff was not precluded from offering proof that such deed was void, notwithstanding that he filed no affidavit denying the genuineness and due execution of the deed.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Irving McKenna and Catherine A. McKenna for Appellant.

Duke Stone for Respondent.

JAMES, J.—From a judgment entered in favor of the plaintiff, intervener Sinclaire has appealed.

[1] This action was to quiet title to certain real property. Plaintiff exhibited in evidence a deed from the sheriff of Los Angeles County made pursuant to a decree foreclosing a mortgage lien against the property in question. This deed was dated the 21st of July, 1916, and recorded in the office of the county recorder on July 26th of the same year. It appeared that during all the time subsequent to the making of said deed plaintiff had been in possession of the property described therein and claimed to have title thereto. This proof was sufficient *prima facie* to prove ownership. It furnishes sufficient proof of title upon which to base a decree favorable to the plaintiff, without making it necessary that the chain of title precedent to the decree of foreclosure be established. (Sec. 1928, Code Civ. Proc.; *Zilmer* v. *Gerichten*, 111 Cal. 73, at p. 77 [43 Pac. 408].) The only interest claimed to be possessed by the intervener was such as he might have obtained by reason of a deed issued to his grantor, one Warden, who had made a purchase under a sale had for a delinquent assessment against the property on account of street improvement work. Sinclaire in this action set forth in full in his answer: (1) the deed of the tax and license collector of the city of Los Angeles, dated the second day of September, 1915, purporting to convey the interest of Robert H. Punter (the alleged owner) to Julia P. Warden, and (2) a quitclaim deed dated the thirteenth day of January, 1920, from said Warden to said intervener. In a former action (*Warden* v. *Bittleston Law & Collection Agency et al.*, 41 Cal. App. 1 [181 Pac. 834]), in which the plaintiff here was a defendant, it was held that the first-mentioned deed was void

and of no effect because of the failure of the vendee to
give sufficient notices to the owners of the property of the
fact that application had been made for a conveyance.
The judgment in the action last entitled was reversed be-
cause an affirmative judgment in favor of the defendant
was not sustained by the findings. After a reversal was
ordered in the case cited, plaintiff Warden dismissed the
action and made her quitclaim deed to the intervener Sin-
claire. The determination of the court as to the invalidity
of the deed in question must be taken as establishing the
law affecting that instrument and it must, of course, affect
also any conveyance attempted to be made by the said War-
den. [2] As against the plaintiff's proof of title we then
find that the intervener rested upon nothing better than the
conveyance from the person whose title was supported only
by the void deed. The intervener insists that, because of
the fact that he set forth the deeds in full and no affidavit
was filed by the plaintiff denying the genuineness and
due execution thereof, the deeds must be taken as transfer-
ring whatever they purport on their face to convey. This
contention results from a mistaken idea regarding the effect
of the provisions of section 448 of the Code of Civil Pro-
cedure. That section provides only that where a defense is
founded upon a written instrument which is copied into
the answer, ''the genuineness and due execution of said in-
strument are deemed admitted,'' unless there is an answer
under oath denying the same. That an instrument is
genuine and has been duly executed can mean only that
the party who appears to have made it has attached his
signature thereto knowingly and caused it to be delivered.
(*Moore* v. *Copp*, 119 Cal. 429 [51 Pac. 630].) Plaintiff
could not deny that the deeds had been assigned by the pur-
ported parties or delivered. It was admissible, however,
for him to prove that the conveyance to Warden was void.
This he did by showing the insufficiency of the notices
which by the former decision had been held to render the
deed void. He showed, too, that at the time the former
action was pending he had offered to pay the amount of
the assessment charges, and all costs and penalties, which
were less than the sum of ten dollars, and made a con-
tinuing offer to pay the same to the defendants in this
action, and particularly to the intervener. A tender of

these amounts made before a deed had been legally applied for had the effect of extinguishing the assessment lien, and that lien thereafter would have only an apparent existence—apparent because the books of the tax collecting office would not show a discharge of the debt. This condition would create a cloud upon plaintiff's title which he would be entitled to have removed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 29, 1922.

All the Justices concurred, except Lawlor, J., and Wilbur, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.,* was acting.