[Civ. No. 5559. First Appellate District, Division Two.—April 26, 1926.]

INTERSTATE REALTY AND IMPROVEMENT COM-
PANY (a Corporation), Respondent, v. S. A. D.
CLARK, Appellant.

[1] QUIETING TITLE—TAX DEED SET OUT IN ANSWER—FAILURE TO
DENY BY AFFIDAVIT—ADMISSION OF GENUINENESS—ESTOPPEL.—The
genuineness and due execution of a tax deed set up in defend-
ant's answer in an action to quiet title is admitted, under section
448 of the Code of Civil Procedure, by failure of plaintiff to
file an affidavit denying the same, but plaintiff is not estopped
from disputing the validity of the deed upon any other ground
than its genuineness and due execution.

[2] TAXATION—ASSESSMENTS—MISTAKE IN NAME OF OWNER.—Under
sections 3628 and 3785 of the Political Code, no mistake in the
name of the owner or the supposed owner of the property can
render the ·assessment invalid, as the assessment is not against
the owner, but is of the property, ·which must be correctly
described.

[3] ID.—TAX SALES—PUBLICATION—TIME.—A tax sale is not rendered
invalid by reason of the sale of the property more than twenty-
eight days after the last day of publication of notice of sale as
prescribed ·by sections 3764 to 3767 of the Political Code, where
the designated day of sale was within the twenty-eight day period,
and the sale was continued from day to day in accordance with
section 3771a of the Political Code.

(1) 37 Cyc., p. 1490, n. 89.    (2, 3) 37 Cyc., p. 1479, n. 88.

APPEAL from a judgment of the Superior Court of
Los Angeles County. M. L. Short, Judge Presiding. · Re-
versed.

The facts are stated in the opinion of the court.

Catherine A. McKenna and J. Irving McKenna for Appel-
lant.

L. B. Stanton for Respondent.

1.  See 22 Cal. Jur. 156.
2.  See 24 Cal. Jur. 187.

NOURSE, J.—Plaintiff sued to quiet title to certain real property situated in Los Angeles County. The defendant answered, setting up *in haec verba* a tax deed from the state covering the same property. The plaintiff did not controvert the deed by affidavit or further pleading and the parties went to trial on the complaint and answer. Judgment was rendered for the plaintiff upon findings that the tax deed was void on its face, and from the judgment the defendant has appealed on a typewritten record.

The tax deed was executed on July 21, 1922, and recited that the property was regularly assessed for taxation in the year 1916 to Bernard Hiss, and was sold on July 5, 1922, to the defendant for nonpayment of taxes which had been levied in the year 1916. At the trial the plaintiff offered evidence to show that title to the property passed from Bernard Hiss to Citizens Trust and Savings Bank on October 3, 1913, by deed which was duly recorded on October 31, 1913. The plaintiff urges that the tax deed was void on its face because it appeared from the recitals therein that the property had not been assessed to the true owner; that it was sold for a delinquency of 1916, upon an assessment of 1915, and that the date of sale was not within the time fixed by the Political Code. The defendant insists that plaintiff's failure to attack the deed by affidavit under section 448 of the Code of Civil Procedure is an admission that the tax deed was valid.

[1] If under our rules of procedure the respondent could attack the validity of the tax deed upon any of the grounds noted, and, if any one of these grounds is sufficient to invalidate the deed, then the judgment must be sustained. Section 448 of the Code of Civil Procedure provides that when a written instrument is pleaded in the answer, the plaintiff is deemed to admit its genuineness and due execution unless he controverts it by affidavit. This, however, does not estop the plaintiff from disputing the invalidity of the deed upon any other ground than "its genuineness and due execution." (*Moore* v. *Copp*, 119 Cal. 429, 432 [51 Pac. 630, 631]; *Bublitz* v. *Reeves*, 40 Cal. App. 75, 79 [180 Pac. 28]; *Munro* v. *Whitlow*, 54 Cal. App. 448, 451 [201 Pac. 964].)

[2] Turning to the tax deed we find that the property was assessed for the year 1916 to Bernard Hiss. The proof

is that Hiss was not the record owner at that time—that he had conveyed all his title to another by a conveyance recorded in October, 1913. For this reason the respondent insists that the tax deed is void. The answer is that the statute, section 3628 of the Political Code, expressly provides that "no mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid." In interpreting this section our supreme court has said: "The assessment is not against the owner, but is of the property, and that must be correctly described. The name of the owner of the property assessed is an incidental provision for the sake of convenience, but a failure to give the correct name of the owner is declared by the statute not to impair the assessment." (*Klumpke* v. *Baker*, 131 Cal. 80, 82 [63 Pac. 137].) This rule has been universally followed and numerous cases might be cited to the same effect, the last in point of time which has been called to our attention being *Hanson* v. *Goldsmith*, 170 Cal. 512, 517 [150 Pac. 364]. The authorities cited by the respondent are not in point. They involve the question of an error in the name of the person "assessed" appearing on the tax deed as distinct from an error in the name of the owner in the assessment itself. That is to say, that as section 3785 of the Political Code requires the tax deed to recite the name of the person assessed, an error in this respect was held to render the tax deed void because the requirement of the section cited was a naming of the person assessed as that name appeared upon the assessment-roll. But here there is no claim that the deed does not correctly recite the name of the person assessed.

The second point of attack is based upon a misconception of the record. In one of the printed briefs it was stated that the land was sold for delinquency of 1916 upon an assessment of 1915. Reference to the transcript discloses, however, that the assessment was for the year 1916, and that the original deed correctly recited that fact.

[3] The last point of attack is that the sale was not made within the time fixed by sections 3764 to 3767 of the Political Code. The argument is that as the delinquent tax list must be published on or before June 5th and must designate a day for the sale, which must not be less than twenty-one nor more than twenty-eight days from the time

of publication, the sale of the property in suit on July 5th was outside the limits fixed by the statute. The answer is that the record does not disclose the date of publication of the notice of sale or the date of sale designated therein. Invoking the presumption of regularity in the proceedings in the absence of a direct attack to the contrary we must assume, therefore, that the publication was had on June 5th, the last day permitted by the statute, and that the date of sale was fixed as of July 3d, which would have been within proper time. It appears from the tax deed that the sale was made on July 5th and that this was a continuance from day to day of the sale of July 3d in accordance with section 3771a of the Political Code. The propriety of a continuance of a tax sale regularly noticed within the time prescribed by the statute was expressly determined by this court in *Bell* v. *Brigance,* 74 Cal. App. 322 [240 Pac. 50], where the court said: "Reading all of the provisions of the statute together it does not seem to be doubtful that the sale should commence within the time mentioned, not less than twenty-one days and not more than twenty-eight days after the date of the first publication of the notice, but that it is within the contemplation of the statute that the sale may be continued from day to day if additional time is required."

Judgment reversed.

Sturtevant, J., and Langdon, P. J., concurred.