[Civ. No. 3964. Third Appellate District.—January 31, 1930.]

LOREN L. MILLER, Appellant, v. W. C. PRICE et al., Respondents.

L. C. Woods for Appellant.

William Ellis Lady for Respondents.

PLUMMER, J.—This is an appeal by the plaintiff from a judgment in favor of the defendants upon the pleadings. The complaint in the action alleges that on and prior to the eleventh day of February, 1926, the plaintiff was the owner of certain real property situate in the county of Los Angeles, particularly described in the complaint; that said property was, at the date mentioned and at the date of the beginning of this action, of the value of $11,500, encumbered to the amount of $2,638, secured by a deed of trust payable on the seventeenth day of March, 1926; that on the eleventh day of February, 1926, the said defendants caused to be issued out of the Superior Court of the county of Los Angeles an execution in an action entitled "W. C. Price v. John P. Hight et al.," and that acting under and by virtue of said writ of execution and under the instructions of said defendants as to what property to levy upon, the sheriff of the county of Los Angeles did, on the thirteenth day of February, 1926, wrongfully and without right so to do, levy upon the property hereinbefore referred to; that at the time of the levy upon said property the plaintiff was negotiating for a loan of sufficient amount to satisfy the aforesaid encumbrance, and was at such time offering as security for the money to be loaned a deed of trust on the foregoing property, and that the plaintiff had no other means by which to obtain a sufficient sum to satisfy said encumbrance; that by reason of said wrongful levy as afore-

said the plaintiff was unable to secure the money with which to satisfy the said obligation, and that on the thirtieth day of July, 1926, the trustees in said trust deed named sold said real property to satisfy the obligation referred to; that by reason of the foregoing wrongful acts on the part of the defendants the plaintiff has suffered damage in the sum of $8,862. To this complaint the defendants interposed both a general and special demurrer. The demurrer being overruled, the defendants answered, denying the ownership of the plaintiff, and set forth in their answer certain writings relative to the instructions given the sheriff, and the return of the sheriff that he had levied upon the interest of one L. B. Miller in the real property described in the plaintiff's complaint. Thereafter the defendants, relying upon the provisions of section 448 of the Code of Civil Procedure, which reads: "When the defense to an action is founded upon a written instrument, and a copy thereof is contained in the answer or is annexed thereto, the genuineness and due execution of such instrument are admitted unless the plaintiff file with the clerk, within ten days after receiving a copy of the answer, an affidavit denying the same and serve a copy thereof on the defendant," interposed a motion for judgment on the pleadings. Judgment went for the defendants upon this motion. Irrespective of what we may say hereafter, it is clearly apparent that the basis assigned for the defendants' motion is unsound. The writings referred to are writings with which the defendants only were connected, and with which the plaintiff had nothing to do. Such writings, not being binding upon the opposite party, furnish no grounds whatever for a judgment against such party. If such papers are admissible at all in evidence they are only in the case for what they are worth, and not as instruments binding upon the plaintiff in this action. Such papers are binding only upon the parties who have signed the same. This clearly appears from the following cases: *Heath* v. *Lent,* 1 Cal. 411; *Marx* v. *Raley & Co.,* 6 Cal. App. 479 [92 Pac. 519]; *Citizens Bank & Trust Co.* v. *Pocatello,* 41 Idaho, 403 [240 Pac. 186]; *Krug* v. *Warden,* 57 Cal. App. 563 [207 Pac. 696]; *Interstate Realty Co.* v. *Clarke,* 77 Cal. App. 558 [247 Pac. 244].

Practically admitting that these decisions are conclusive against respondents for the reasons first presented in support of their motion for judgment, it is contended that the order granting the motion and the judgment entered thereon should nevertheless, for other reasons, be affirmed. In this behalf it is argued that an execution issued in an action in which the plaintiff was not a party, and the levying thereof upon the lands claimed by him, fail to cast a cloud upon the title of the plaintiff, as it would appear from the record that the plaintiff, not being named as a party, the proceeding is void upon its face, and therefore an action in equity to remove the cloud would not lie. This contention of the respondents appears to be well taken, as appears in the case of *Russ & Sons Co.* v. *Crichton,* 117 Cal. 695 [49 Pac. 1043], and the cases there cited. This, however, does not relieve the respondents from liability if they are otherwise sufficiently charged in the plaintiff's complaint. While the weight of authority is in support of the contention that equity will not interfere to remove a cloud upon title to real estate where the invalidity of the instrument said to cast such cloud appears upon the face thereof, this apparent defect in affording a land owner a remedy has been obviated by section 738 of the Code of Civil Procedure relative to adverse claims. In *Castro* v. *Berry,* 79 Cal. 443 [21 Pac. 946], the Supreme Court had before it the question of when an action would lie to determine an adverse claim, rather than by a proceeding in equity to remove a cloud. It is there said, quoting section 738: "An action may be brought by any person against another who claims an estate or interest in property, adverse to him, for the purpose of determining such adverse claim. The distinction between the two kinds of action is clear. They are different not merely in form, but in purpose. In the former case the proceeding is aimed at a particular instrument, or piece of evidence, which is dangerous to the plaintiff's rights, and which may be ordered to be destroyed in whosesoever hands it may happen to be. While in the latter, the proceeding is for the purpose of stopping the mouth of a person who has asserted or is asserting a claim to the plaintiff's property, whether such claim be founded upon evidence or utterly baseless. It is not aimed at a particular piece of evidence, but at the pretensions of an individual. . . . The statute en-

larges the class of cases in which equitable relief could formerly be sought in the quieting of title.'' The opinion further goes on to approve cases holding that it is not necessary that the adverse claim should be of any particular character. A like question was before the Supreme Court in the case of *Dranga* v. *Rowe*, 127 Cal. 506 [59 Pac. 944], where it was said, quoting from the language of the same court in *Kittle* v. *Bellegarde*, 86 Cal. 564 [25 Pac. 58] : ''It is contended that the complaint does not warrant any relief because it shows that the adverse claims of defendants rests upon proceedings which are void upon their face. But this objection is not available in an action to determine an adverse claim under section 738 of the Code of Civil Procedure. Such an action may be maintained against a person who claims under a void tax deed.'' ■ From which it follows that the levying of an execution upon the property of one person, under the claim that it belongs to a third person, would entitle the plaintiff to begin an action immediately to determine such adverse claim, and we think it is scarcely open to question that no one would either care to loan money upon the security of real estate or to purchase the same where adverse claims thereto are undetermined.

This brings us to the crucial question determinative of this appeal, Does the complaint state any cause of action? ■ Upon a motion for judgment on the pleadings only the complaint can be considered, and upon the same basis as though it were before the court upon a general demurrer. This is the well-settled law of this state. (*Elmore* v. *Tingley*, 78 Cal. App. 460 [248 Pac. 706], and the authorities cited in the opinion in that case.) Upon the premise thus laid down let us examine the complaint. Paragraph one of the complaint alleges the ownership of the plaintiff to the real property set forth therein, but it does not allege possession or exclusive ownership. The Civil Code describes ownership of property as being either absolute or qualified. Admitting that this may be only an ambiguity which should be reached by special demurrer, yet the fact remains that the judgment does not show exclusive ownership or possession of any kind, and for all that the complaint shows the person against whom the execution ran may have been in possession of the premises and the owner

of a qualified interest therein which would be subject to sale on execution. ■ A vital defect, however, appears in paragraph three of the complaint, where it is attempted to charge wrongful levy of the writ of execution. It is there set forth that in an action entitled ''W. C. Price v. John P. Hight et al.,'' the sheriff of the county of Los Angeles, acting under instructions of the defendants, wrongfully, etc., levied upon the property described in the complaint. There is not one word in the paragraph referred to, or in any other portion of the complaint, charging the defendants in this action with giving any wrongful instructions. The wrongdoing is charged as the act of the sheriff, who is not a party to this action. Furthermore, the charge that the sheriff wrongfully levied the execution is not a statement of any fact tendering an issue, but is only a conclusion of law. (21 Cal. Jur., p. 31, sec. 16.) Paragraph four of the complaint sets forth that at the time of the levy of the execution the plaintiff was negotiating for a loan to be secured by a trust deed covering the property involved. There is nothing in the complaint showing the character of such negotiations, or that the same would have been successful. Paragraph five of the complaint alleges that by reason of said alleged wrongful levy of execution the plaintiff was unable to secure the money with which to satisfy the obligation, and that on the thirtieth day of July, 1926, the trustee in the deed of trust referred to sold the property mentioned in the complaint. This paragraph does not contain a single statement of fact, but is a pure conclusion of the pleader. It must be here borne in mind that the complaint shows that the levy of the execution was made on the thirteenth day of February, 1926, and the sale of the property did not take place until the thirtieth day of July, 1926, lacking thirteen days of being just six months thereafter. There is nothing in the complaint showing that any adverse claims to the property could not have been determined during the time between the levy of the execution and the sale of the property. Not a single fact is set forth in the complaint as to anything done or performed by the plaintiff relative to securing money to take up the obligation secured by the trust deed, and the whole cause of action simply rests upon the conclusion of the pleader that he was

unable to do so by reason of the alleged wrongful levy of execution. There is nothing in the complaint from which it can be concluded that the plaintiff was not a party to the action in which the execution was issued. The defendants in that action are named as "John P. Hight et al.," and there is no statement of any facts showing that the person referred to by the words "et al." possessed no interest in the property levied upon. ■ In considering the complaint, all the presumptions are that the pleader has stated his case as favorably as possible, and if any further presumptions are to be indulged in they are against the pleader. (See *Silvers* v. *Grossman*, 183 Cal. 696 [192 Pac. 534].) It is further held in the case just cited that matters of substance must be alleged in direct terms, and not by way of recital.

■ Upon this analysis of the complaint, which was not made upon the original hearing hereof, we are led to the conclusion that the complaint does not state a cause of action, and that the defendants were entitled to prevail upon their motion and that the judgment entered thereon should be affirmed; and it is so ordered.

Thompson (R. L.), J., and Finch, P. J., concurred.