[Civ. No. 10936.  First Appellate District, Division Two.—December 7, 1938.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. FRIEND W. RICHARDSON, as Building and Loan Commissioner, et al., Respondents.

Edmund Nelson, Howard Waterman, Freston & Files, Ralph E. Lewis and Louis Ferrari for Appellant.

James C. Ingebretsen for Respondents.

STURTEVANT, J.—In an action for an accounting the trial court ordered judgment in favor of the defendants and the plaintiff has appealed. In its complaint the plaintiff alleged that it is a corporation; that Friend W. Richardson was building and loan commissioner until July 19, 1934, and he was then succeeded by Louis C. Drapeau, who was such officer at the time the action was commenced; that Lincoln Mortgage Company, Prudential Building Loan Association, and North American Building Loan Association were corporations; that on May 28, 1929, Lincoln Mortgage Company sold to Prudential Loan Association an interest amounting to $65,827.78 in certain promissory notes and deeds of trust in the aggregate amount of $94,705.59 and that it reserved to itself an interest amounting to $28,877.81; that on February 10, 1931, the Prudential sold all of its property to North American; that on May 21, 1931, the Lincoln sold its reserved interest to this plaintiff; that on July 8, 1932, the building and loan commissioner took possession of the North American and now retains such possession; that the North American and its successors have collected large sums of money on the promissory notes and deeds of trust; that they have never accounted to the plaintiff; that the building and loan commissioner after he took possession of the North American never caused a copy of notice to all persons having claims against the North American to be mailed to plaintiff and never notified plaintiff to file a claim; that on June 5, 1933, the plaintiff made a written demand upon the North American for an accounting but the building and loan commissioner made no response; that on July 6, 1933, the plain-

tiff made an oral demand upon the commissioner and he agreed to give the demand consideration as soon as he could find time to do so; that on January 31, 1934, the plaintiff made a written demand on the commissioner for an accounting but he refused to make such accounting.

The defendants filed an answer in which they admitted many of the allegations contained in the complaint but they also pleaded certain new matter. They alleged that on July 8, 1932, Friend W. Richardson, the then building and loan commissioner, took possession of the North American under the provisions of section 13.11 of the California Building and Loan Act (Stats. 1931, p. 483) and commenced to liquidate that corporation; that on July 19, 1934, Friend W. Richardson was succeeded in office by Louis C. Drapeau and that the latter retained possession of said association and has proceeded with the liquidation thereof; that on December 16, 1927, Seaboard Building Corporation executed and delivered to Lincoln Mortgage Company a promissory note in the sum of $67,500 payable in instalments and bearing interest at 7 per cent per annum; that said note was secured by a deed of trust which was recorded on the 4th day of February, 1928; that on the 16th day of May, 1929, Lincoln Mortgage Company sold to the Prudential the last-mentioned note and deed of trust; that as a part of the consideration of said sale of said note and deed of trust Lincoln Mortgage Company executed and delivered to the Prudential a guaranty; that said guaranty was as follows (here the defendants pleaded the alleged document *in haec verba*); that among other things said guaranty provided: "Please be advised that this company guarantees the payment of the balance due on the said loan above mentioned in the event that the same remains unpaid for a period of three months after the maturity thereof, namely, December 16, 1930"; that there is now unpaid on said note the sum of $45,000 together with interest at 7 per cent from March 16, 1930; that on April 17, 1930, the Prudential sold to the North American said promissory note, and the deed of trust, and the guaranty above mentioned; that as building and loan commissioner the defendant Louis C. Drapeau is now the owner and holder of said promissory note, deed of trust, and guaranty; that on the 17th day of April, 1930, the North American succeeded to all of the properties of the Prudential; that on

May 21, 1931, the date the said Lincoln Mortgage Company assigned to plaintiff all of its interest in the debentures mentioned in the contract dated May 28, 1929, the said Lincoln Mortgage Company was indebted to the North American Company in the sum of $45,000 and in excess of the amount reserved by said Lincoln Mortgage Company under the contract of sale dated May 28, 1929; and that it is now indebted in excess of that sum.

The trial court made a finding that the defendants and their predecessors in interest had collected $5,857.42 on the interest reserved by the Lincoln Mortgage Company in the debentures which were the subject of the contract dated May 28, 1929. ■ Pointing to that finding the plaintiff claims it was entitled to a judgment in that sum and that the defendants were not entitled to any set-off. In that connection they contend the instrument relied on as a guaranty was not the contract of Lincoln Mortgage Company. As stated above, the instrument was pleaded by the defendants in their answer. It is in form a letter addressed to Prudential Building Loan Association. Omitting the address, the document is as follows: "Dear Sirs: With reference to your purchase of our loan No. 1132—in connection with which we have previously delivered all instruments to you—we find that the note of the Seaboard Building Corporation secured by trust deed in the original amount of $67,500 was assigned to you 'without recourse'. Please be advised that this company guarantees the payment of the balance due on the said loan above mentioned in the event that same remains unpaid for a period of three months after the maturity thereof, namely, December 16, 1930. Yours very truly, Lincoln Mortgage Company by J. K. Baillie Prs." The seal of the corporation was not affixed. After the defendants' answer was served the plaintiff did not file with the clerk within ten days or at all an affidavit denying the genuineness and due execution of said instrument. On the trial the document was admitted in evidence. The plaintiff offered evidence to attack the genuineness and due execution of said instrument and that evidence was stricken out. The plaintiff contends that on the record as so made it did not admit the genuineness and due execution of the instrument. We think it is clearly mistaken. (Code Civ. Proc., sec. 448; *Reynolds v. Pennsylvania Oil Co.,* 150 Cal. 629 [89 Pac. 610]; *Quartz*

*Glass & Mfg. Co.* v. *Joyce*, 27 Cal. App. 523 [150 Pac. 648]; 21 Cal. Jur. 167.) The plaintiff cites and relies on *Heath* v. *Lent*, 1 Cal. 410, and the several cases citing and following that decision. They are not in point. The statute before the court in *Heath* v. *Lent, supra,* was section 62 of chapter 142 of the Statutes of 1850. That statute is quite different from section 448, the statute now in force.

In this same connection the plaintiff further asserts that if the "genuineness and due execution" of said letter be admitted, still the defendants' case is not made out because the defendants did not show the board of directors of Lincoln Mortgage Company had authorized Baillie to write the letter. In other words, its claim is that the facts above recited may show an admission that the letter was written and signed by Baillie but it does not follow Baillie was authorized by the corporation to sign its name. That assertion has been directly ruled against the contention which the plaintiff now makes. (*Reynolds* v. *Pennsylvania Oil Co., supra.*)

Still contesting the force and effect of the guaranty, the plaintiff asserts its claim for an accounting sounded in equity, that the defendants' claim was one at law and therefore one may not be set off against the other. The question is not an open one in this state. It has been decided such facts warrant a set-off. It is unnecessary to do more than cite *Sooy* v. *Cerf*, 220 Cal. 611 [32 Pac. (2d) 365], and the cases there cited.

The trial court made findings including the following: "The court further finds that the defendants duly and legally caused notice to be given to all persons having claims against the association to file the same pursuant to law and particularly section 13.16 of the Building and Loan Association Act; the court further finds that the plaintiff did not file with the commissioner prior to the commencement of this action a verified claim upon the matters complained of in this action." The plaintiff contends it was not bound to file such a claim. In that connection it contends the statute upon which the defendants must rely does not and cannot apply to an attempt to recover trust funds. The plaintiff cites and relies on *Campbell* v. *Vining*, 101 Fla. 939 [133 So. 555]; *Smith* v. *Reddish*, 113 Fla. 20 [151 So. 273], and cases there cited. Its argument is not without merit. However,

section 13.16 of the Building and Loan Act (Stats. 1931, p. 483) is very broad. The primary purpose of the statute is to authorize the commissioner to take charge of a defaulting corporation, liquidate it, and cause its creditors to be paid. Honesty, efficiency, and speed in the liquidation are certainly contemplated. To accomplish those results the commissioner is entitled to know at an early date the nature and amount of demands that will be made upon him. But, as we have reached the conclusion that the judgment must be affirmed on the first points we have discussed above, it is unnecessary for us to express an opinion as to the effect of the failure of the plaintiff to file its claim within the period of time fixed by the provisions of section 13.16, *supra.* Therefore we express no opinion on the point.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1939.