[Civ. No. 2429. Fourth Appellate District.—July 28, 1939.]

CELIA STONEMAN, as Administratrix, etc., et al., Respondents, v. PEARL H. FRITZ, Appellant.

R. J. Welch, Jr., and H. M. Dougherty for Appellant.

Nichols, Cooper & Hickson, A. L. Hickson and Homan & Warner for Respondents.

MARKS, J.—This is an action to quiet title to two parcels of real property, one in Los Angeles County and one in San Bernardino County. Plaintiffs had judgment and defendant has appealed.

Dr. Hanna Scott Turner, a resident of Los Angeles County, died testate on May 7, 1937. Celia Stoneman and Pearl H. Fritz, nieces of deceased, were appointed and qualified as administratrices of her estate with the will annexed. Celia Stoneman instituted this action as administratrix to quiet the title of the estate in the two parcels of real estate. She joined as plaintiff in her individual capacity to quiet her title, subject to administration and as a devisee under the will of deceased, in the Los Angeles County property. Mrs. Fritz was named in the will as the residuary legatee.

Defendant denied plaintiffs' title and asserted title in herself under two deeds from deceased, true copies of which were attached to her answer and made a part of it by reference. No affidavit denying the genuineness and due execution of these deeds was ever filed.

Over defendant's objections the trial judge permitted plaintiffs to introduce evidence attacking the delivery of the deeds to defendant. Upon such evidence he found there had been no legal delivery of the deeds to defendant.

Defendant urges there was no jurisdiction in the Superior Court of Los Angeles County to try the title to the San Bernardino County property regardless of the fact that one parcel of the property in controversy was situated in Los Angeles County. There is no merit in this contention. (Sec. 5, art. VI, Const.; sec. 392, Code Civ. Proc.; *Murphy* v. *Superior Court*, 138 Cal. 69 [70 Pac. 1070] ; *Kent* v. *Williams*, 146 Cal. 3 [79 Pac. 527] ; *Middlecoff* v. *Cronise*, 155 Cal. 185

[100 Pac. 232, 17 Ann. Cas. 1159]; *Pacific Gas & Elec. Co.* v. *Scott,* 10 Cal. (2d) 581 [75 Pac. (2d) 1054]; *Young* v. *Young Holdings Corp.,* 27 Cal. App. (2d) 129 [80 Pac. (2d) 723].)

It is well established that where a copy of a writing, relied upon as a defense, is set forth in, or attached to, an answer, and plaintiff fails to file an affidavit denying its genuineness and due execution as required by section 448 of the Code of Civil Procedure, those facts are deemed admitted and need not be proved by defendant. The genuineness and due execution that are admitted include these facts: that the copy is a true copy of the original instrument which is a genuine document, signed by the party whose signature it bears, and that it was delivered in the manner prescribed by law. The cases hereinafter cited support this rule. It has been held that by the failure to file the affidavit it is also admitted that the instrument was acknowledged in the manner required by law even in the face of a defective certificate of acknowledgment attached to it. (*Cordano* v. *Wright,* 159 Cal. 610 [115 Pac. 227, Ann. Cas. 1912C, 1044].)

The difference between the parties before us arises largely from the factual applications to be made to the foregoing rules. Plaintiffs maintain that it is only when a plaintiff's name is subscribed to the instrument set forth in or attached to the answer, and relied upon as a defense, that its genuineness and due execution are admitted by the failure to file the affidavit; that there is no such admission when the instrument is not signed by the plaintiff. Defendant maintains, on the contrary, that the affidavit must be filed in any case where the plaintiff expects to dispute the genuineness or due execution of such a document relied upon in defense of the action.

The trial judge adopted the theory of plaintiffs and, over repeated objections, admitted evidence to dispute the delivery of the deeds. Plaintiffs cite the following authorities as supporting these rulings of the trial judge: *Heath* v. *Lent,* 1 Cal. 410; *Marx* v. *Raley & Co.,* 6 Cal. App. 479 [92 Pac. 519]; *Krug* v. *Warden,* 57 Cal. App. 563 [207 Pac. 696]; *Miller* v. *Price,* 103 Cal. App. 650 [284 Pac. 1035]; *City of Los Angeles* v. *Watterson,* 8 Cal. App. (2d) 331 [48 Pac. (2d) 87].

The case of *Heath* v. *Lent, supra,* was decided under a statute which provided as follows:

"When any complaint or answer is founded on any instrument of writing which is alleged to have been signed by the party, the signature shall be considered as admitted, unless denied by such party on oath. If denied, it may be proved by any proper evidence." (Stats. 1850, p. 434.)

Under this statute the Supreme Court held in *Heath* v. *Lent, supra,* that when the instrument relied upon by the defendant was not signed by the plaintiff, the failure to file the affidavit did not admit its genuineness or due execution. Clearly, this was the only construction that properly could be put upon the language of the statute then in effect.

The act of 1850 was repealed in 1851, and section 54 of the Practice Act (Stats. 1851, p. 58) was adopted. In so far as it bears on the question we are considering, that statute is substantially the same as the present section 448 of the Code of Civil Procedure. It provided as follows:

"When the defense to an action is founded upon a written instrument, and a copy thereof is contained in the answer, or a copy is annexed thereto, the genuineness and due execution of such instrument shall be deemed admitted, unless the plaintiff file with the clerk five days previous to the commencement of the term at which the action is to be tried an affidavit denying the same."

*Marx* v. *Raley & Co., supra,* was decided in 1907. It quoted from *Heath* v. *Lent, supra,* and added: "In this case, as in that, it would be unreasonable to say that the plaintiff was bound to know the genuineness of the signature of the defendant" which was attached to a letter set forth in the answer. In the Marx case the court took no notice of the changes in the statute. The correctness of the final judgment in that case cannot be doubted as the opinion states that the copy of the letter set forth in the answer was merely explanatory of another letter and was not the written instrument upon which the defense to the action was founded. (Sec. 448, Code Civ. Proc.)

Plaintiffs can gain no support from *Krug* v. *Warden, supra.* An intervener set forth a copy of a deed in his complaint in intervention. His title came through a tax deed that was based on defective tax proceedings. The court concluded that while the failure to file the affidavit denying the genuineness and due execution of the deed set forth in the answer ad-

mitted its genuineness and due execution, it did not admit the further fact that the grantor in that deed had a good title to convey to the grantee.

The case of *Miller* v. *Price, supra,* is authority upholding the position of plaintiffs and the questioned rulings of the trial court. It followed *Heath* v. *Lent, supra,* without noting the change in the statute or considering any of the decisions which we will hereafter cite.

What was said in *City of Los Angeles* v. *Watterson, supra,* (pages 343, 344, 345) on the question before us here, was not necessary to that decision. A conspiracy to defraud was amply proved, and could not have been disproved by a private writing signed only by defendants who were the conspirators. The allegations of the verified complaint challenged the truth of the statements in the writing. The admission of the genuineness and due execution of such an instrument does not prevent an attack upon it on other proper grounds nor does it affect the rule that the trial judge must determine the weight and sufficiency of the evidence. The instrument set forth in the answer in that case, in the form in which it there appeared, merely created a slight conflict in the evidence which the trial judge resolved against defendants. The legal effect of such an instrument is to be decided by the trial judge. (*Carpenter* v. *Shinners,* 108 Cal. 359 [41 Pac. 473].) Further, this court there remarked that it was not attempting to formulate a general rule for the application of the provisions of section 448 of the Code of Civil Procedure. (See, also, *Cox* v. *Schnerr,* 172 Cal. 371 [156 Pac. 509]; *Singer* v. *Briggs,* 6 Cal. App. (2d) 665 [45 Pac. (2d) 436].)

The case of *Sloan* v. *Diggins,* 49 Cal. 38, was decided after the adoption of section 54 of the Practice Act which we have quoted. The plaintiff sued for damages to her real property which resulted from street work. The defendant justified under a contract with the street superintendent of the city and county of San Francisco which was not signed by the plaintiff. A copy of the contract was attached to the answer. The plaintiff failed to file any affidavit denying its genuineness and due execution. The Supreme Court quoted section 54 of the Practice Act and said that "the genuineness and due execution of the contract was deemed admitted by the plaintiff".

The rule thus announced in *Sloan* v. *Diggins, supra,* has been followed consistently by the Supreme Court in all cases to which we have been cited and which we have found, where the defense was based on a contract, a copy of which was set forth in the answer and which was not signed by the plaintiff. Among those cases we cite the following: *Carpenter* v. *Shinners, supra; Knight* v. *Whitmore,* 125 Cal. 198 [57 Pac. 891]; *Clarke* v. *Fast,* 128 Cal. 422 [61 Pac. 72]; *Reynolds* v. *Pennsylvania Oil Co.,* 150 Cal. 629 [89 Pac. 610]; *Cordano* v. *Wright, supra; McKenzie* v. *Ray,* 168 Cal. 618 [143 Pac. 1018]; *Denver Stockyards Bank* v. *Martin,* 177 Cal. 223 [170 Pac. 428]; *Sharp* v. *Quinn,* 214 Cal. 194 [4 Pac. (2d) 942, 78 A. L. R. 501].

The District Courts of Appeal have followed and applied the foregoing rule in the following cases: *Bublitz* v. *Reeves,* 40 Cal. App. 75 [180 Pac. 28]; *Dyer Law etc. Co.* v. *Abbott,* 52 Cal. App. 545 [199 Pac. 340]; *Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371]; *Interstate Realty etc. Co.* v. *Clark,* 77 Cal. App. 558 [247 Pac. 244]; *Bank of America etc. Assn.* v. *Richardson,* 29 Cal. App. (2d) 554 [85 Pac. (2d) 139].

In cases like the one before us where one plaintiff was administrator of the estate of the deceased grantor in the deeds under which defendant claims, and the other plaintiff claimed an interest in the real property in controversy by reason of a bequest in the will of the deceased grantor, we are bound by the cited decisions of the Supreme Court and those decisions of the District Court of Appeal following them. This question is not now open for debate in California. This rule is that where the answer contains or has attached to it a copy of an instrument upon which a defense to the action is founded, if the affidavit required by section 448 of the Code of Civil Procedure is not filed, the genuineness and due execution, including delivery of the instrument, are admitted facts in the case. This is true under these circumstances even though neither plaintiff signed the instrument.

█ As the delivery of the two deeds to defendant was admitted by the pleadings no evidence should have been received on that question as it was not an issue in the case. Findings of fact contrary to these facts admitted in the pleadings must be disregarded. (21 Cal. Jur., sec. 106, p. 155.)

32

The rule is stated in *Welch* v. *Alcott*, 185 Cal. 731, at page 754 [198 Pac. 626], as follows:

"It was said in *Burnett* v. *Stearns*, 33 Cal. 468: 'The finding should be confined to the facts in issue. The province of the court in respect to facts is to determine but not to raise the issue.' (See, also, *Ortega* v. *Cordero*, 88 Cal. 221 [26 Pac. 80].) 'Where a complaint in an action contains an allegation of fact which is distinctly and unqualifiedly admitted by the answer, there is no issue as to the fact. The allegation of fact being admitted it is conclusive. A finding against the admission is therefore outside the issues.' (*White* v. *Douglass*, 71 Cal. 115, 119 [11 Pac. 860].) It was declared in *Estate of Doyle*, 73 Cal. 564, 570 [15 Pac. 125, 128] : 'When a trial is had by the court without a jury, a fact admitted by the pleadings should be treated as "found" . . . If the court does find adversely to the admission, such finding should be disregarded in determining the question whether the proper conclusion of law was drawn from the facts found and admitted by the pleadings. . . . In such case the facts alleged must be assumed to exist. Any finding adverse to the admitted facts drops from the record, and any legal conclusion which is not upheld by the admitted facts is erroneous.' (See, also, *Hutchison* v. *Barr*, 183 Cal. 182 [190 Pac. 799] ; Sutherland on Code Pleading, sec. 1167.) 'There can be no necessity of a finding as to a fact admitted by the pleading.' "

It follows that the objections to the introduction of evidence tending to show that the two deeds, had not been delivered to defendant should have been sustained. It also follows that the findings that the two deeds had not been delivered to defendant must be disregarded as contrary to admitted facts established by the pleadings. When the findings of the failure to deliver the deeds are disregarded the findings of fact fail to support the judgment.

The foregoing conclusions make it unnecessary for us to consider the other questions argued by counsel.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.