[Civ. No. 20121.   First Dist., Div. Three.   Sept. 28, 1962.]

ELLEN C. KITTEL, Plaintiff and Appellant, v. EARLE W. CURRIER, as Executor, etc., Defendant and Respondent.

Francis T. Cornish for Plaintiff and Appellant.

Charles Stuhr and Donovan, Stuhr & Martin for Defendant and Respondent.

SALSMAN, J.—Plaintiff sued for money due under an oral agreement of which she was the third-party beneficiary. Judgment was entered for defendant and plaintiff appeals.

Plaintiff alleged in her complaint that on January 1, 1952, Raymond N. Nielsen entered into an oral agreement with J. J. Kittel, plaintiff's husband, whereby Kittel sold and Nielsen purchased the two-thirds interest of Kittel in an insurance brokerage business; that Nielsen agreed to pay to plaintiff for the two-thirds interest in the insurance business the sum of $250 per month as long as plaintiff lived. Plaintiff further alleged the death of Nielsen on May 7, 1959; that a claim was presented by plaintiff to the defendant Earle W. Currier, executor of the estate of Nielsen, and that this claim was rejected.

The defendant answered plaintiff's complaint by a general denial, except that defendant admitted the presentation of a claim by plaintiff, and its rejection. As a separate defense defendant alleged, on information and belief, that Kittel and Nielsen entered into a written contract for the sale of Kittel's two-thirds interest in the insurance brokerage business, and that the total price for the two-thirds interest in the business was $6,000, to be paid by Nielsen to the plaintiff at the rate of $250 per month, commencing January 1, 1952. The written contract was set out in full in the answer, and defendant alleged it had been fully performed by Nielsen. Defendant further alleged that in January 1954 Nielsen and Kittel orally agreed to a modification of the written contract whereby Nielsen, for a separate consideration to be received from Kittel, agreed to pay $250 per month to plaintiff as long as Nielsen lived.

The plaintiff did not file any affidavit denying the genuineness and due execution of the written agreement pleaded in the answer. A pretrial conference was held some ten months after the filing of defendant's answer and an order was issued which listed as an issue in the case: " (4) Whether J. J. Kittel and Raymond N. Nielsen entered into the written agreement

alleged in the answer.'' On motion of the defendant this issue was stricken on the ground that plaintiff's failure to file the affidavit referred to in Code of Civil Procedure section 448 had the effect of admitting the genuineness and due execution of the agreement set forth in the answer. Thereafter plaintiff applied to the court for relief under Code of Civil Procedure section 473, but relief was denied because more than six months had elapsed since the answer had been filed. Plaintiff also demanded inspection of the original agreement set out in defendant's answer. The defendant did not comply with this demand because he did not have in his possession or control, nor was he able to produce for inspection, the original written agreement.

At the trial plaintiff offered to prove that the written agreement set out in defendant's answer had never been executed; that Kittel and Nielsen did enter into an oral agreement whereby Nielsen was to pay plaintiff $250 per month for her lifetime, and that Nielsen, in fact, paid $250 per month to plaintiff continuously from January 1, 1952, until Nielsen's death on May 7, 1959. Defendant objected to this evidence on the ground that the genuineness and due execution of the written agreement pleaded in the answer had been admitted.

Code of Civil Procedure section 448 provides for denial by affidavit of written instruments contained in the answer, or annexed thereto, and denial must be by affidavit filed within ten days of receiving a copy of the answer. It seems apparent that the defendant here bases his defense on the written contract pleaded in his answer. The oral agreement alleged by plaintiff and the written contract alleged by defendant are virtually the same in their terms, except as to the duration of payments to be made to plaintiff. Under the alleged oral agreement payments were to be made to plaintiff for her lifetime; under the written agreement pleaded in the answer, payments were to be made to plaintiff for two years. It is true that defendant also alleges an oral modification of the written agreement, based upon a new and separate consideration, and by which decedent Nielsen did agree to pay plaintiff $250 per month for his lifetime, and that the agreement, as modified, was fully performed by Nielsen. Nevertheless, defendant's principal defense rests upon the written agreement and therefore his objections made to oral testimony intended to show that the written agreement was never executed were well taken. The court said in *Ward* v. *System Auto etc. Garages,* 149 Cal.App.2d Supp. 879 [309 P.2d 577]: ''The cases are

legion which hold that plaintiff's failure to comply with the requirements of section 448, Code of Civil Procedure, by filing an affidavit denying the genuineness or the due execution of a written contract, set forth in an answer, is an admission thereof.'' Failure to file the affidavit admits that the instrument pleaded is a true copy of the original (*Stoneman* v. *Fritz,* 34 Cal.App.2d 26 [92 P.2d 1035]) ; that the instrument is what it purports on its face to be (*Sunset Milling & Grain Co.* v. *Anderson,* 39 Cal.2d 773 [249 P.2d 24] ; and that the signatures are genuine (*Knight* v. *Whitmore,* 125 Cal. 198 [57 P. 891], 39 Cal.Jur.2d 324).

Plaintiff, however, points to the provision that this admission shall not be deemed made if she is refused an inspection of the original contract pleaded in the answer (Code Civ. Proc., § 449.) She argues that her belated demand for inspection was not honored, and that thus her much earlier failure to deny is excused. We cannot accept the argument. The answer was served and filed November 17, 1959. No request for leave to file an affidavit denying due execution was made until pretrial conference, September 27, 1960. Motion under section 473 was not made until October 5, 1960, more than 10 months after expiration of the time allowed for filing the affidavit. The only demand for inspection of the contract was made October 3, 1960.

We need not consider the effect of a demand for inspection made within the time limited by the code for filing the affidavit, or such time as extended either by normal order or by order under section 473 relieving from default. Here the motion was made not only after default, but after expiration of the period for relief therefrom. It follows that grant or refusal of inspection could in no way have affected plaintiff's denial or admission of the pleaded contract. Thus there is no reasonable basis for invoking section 449. Whatever the merits of the statute (Code Civ. Proc., § 448) we must accede to the judgment of the Legislature and cannot circumscribe it by an unwarranted interpretation of section 449.

We conclude that the trial court was correct in rejecting plaintiff's offer of proof. The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 21, 1962.