[No. 8,435.   Department One.—November 7, 1884.]

SMYTH CLARK, RESPONDENT, *v.* EDWIN F. CHILD ET AL., APPELLANTS.

PLEADING—ANSWER—WRITTEN RELEASE—ADMISSION OF GENUINENESS—ESTOPPEL.—Where a defendant sets forth in his answer a written release as a bar to the plaintiff's cause of action, and on the trial introduces evidence showing that such release had never been delivered, he is estopped from claiming the benefit of the admission arising out of the plaintiff's failure to deny by affidavit the genuineness and due execution of the instrument.

WRITTEN INSTRUMENT—EXECUTION—DELIVERY.—The execution of a written instrument includes its delivery.

INSTRUCTIONS—REVERSAL.—A judgment will not be reversed for an error in the giving or refusing of instructions, if the losing party could not have been prejudiced thereby.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Latimer & Morrow* and *Frederick S. Stratton,* for Appellants.

*J. W. Winans* and *J. M. Nougues,* for Respondent.

McKINSTRY, J.—The action is to recover the proceeds of a sale by defendant of certain stocks, the property of plaintiff. The original answer set out a release, under seal (of date July 18th, 1874), whereby plaintiff, in consideration of one dollar, as recited, remised, released, and forever discharged the appellant, defendant, of and from all demands, etc. The amended answer avers certain payments on account of the indebtedness of defendant, aggregating $1,050; and further alleges that on the first day of July, 1874, defendant paid to plaintiff, and plaintiff accepted and received from defendant, $250, in full satisfaction and discharge of the damages, liability, debt, and cause of action set out in the complaint. The plaintiff failed to file with the clerk, within ten days after service of the original answer, the affidavit provided for in section 448 of the Code of Civil Procedure. The genuineness and due execution of the release pleaded were, therefore, admitted; and the " execution " of a written instrument, within the meaning of the section of the code, includes its delivery. But defendant here did not ask for nonsuit, or for judgment on the pleadings; but called the plaintiff as a witness, and proceeded to examine him with reference to the release set forth in the answer. The testimony of the witness was to the effect that the release recited in the original answer was not, in fact, delivered to the defendant, but was given to the president of the San Francisco Stock & Exchange Board under the circumstances following :

The board had adopted certain rules, numbered 44 and 45, which read :

" ARTICLE 44.—ARBITRATION CLAIMS OF NON-MEMBERS.

" Any person not a member of the board shall have the right to bring a claim against a member of said board, arising from any transaction in stocks or money loaned during his membership, on the condition following, and not otherwise. The person making such claim shall execute a full release of his claim against said member, duly signed, and shall deliver the same to the president, to be held in trust to abide the event of the suit before said board. The president shall keep the said release in trust to abide result of said suit, and shall deliver the same to the defendant on the happening of either of the three following events:

*First*, in case the claimant shall not present his claim to the board within twenty days after executing said release ; *second*, in case judgment shall be rendered for said defendant by the board ; *third*, in case the defendant shall pay or offer to pay to such claimant the amount of judgment rendered in favor of said claimant.

" In case judgment shall be rendered against any member of the board, which he is unable or unwilling to pay, then such release shall be canceled, and returned to such claimant.

## " FORM OF RELEASE.

" Know all men by these presents, that I, ———, for and in consideration of the sum of one dollar, to me in hand paid by ———, the receipt of which is hereby acknowledged, have remised, released, and forever discharged, and by these presents I do hereby remise, release, and forever discharge, the said——— of and from any and all demands heretofore existing, and due and owing to me, and the said ——— is hereby fully released and discharged from the same.

" Sealed with my seal, and dated San Francisco, this——— day ———, 18—.

## " ARTICLE 45.—REGARDING SUSPENSION OF MEMBERS AND LEGAL PROCEEDINGS.

" In all cases where, and in accordance with the provisions of article 44 of the by-laws, a judgment has been or shall be rendered against any member of the board by the board, such member shall, without further action of the board, stand suspended from the time of the rendition of such judgment until the same is fully paid or satisfied, or tendered and refused. Whenever any creditor of a member of this board, or any person asserting a claim against a member of this board, has voluntarily, or shall voluntarily, resort to any legal tribunal, or has voluntarily instituted, or shall voluntarily institute, any legal proceedings against such member concerning his claim, such claim shall not be recognized or enforced by this board."

Some time after the commencement of this action, plaintiff brought his claim to the San Francisco Stock and Exchange Board against the defendant, who was a member of the board,

and signed, sealed, and delivered to the president the release set forth in the original answer, in trust, as by article 44. The plaintiff, a day or two after executing such release, in consideration of $250 paid him by defendant, withdrew his claim from and dismissed his proceeding in the Stock and Exchange Board, and executed and delivered to defendant at the same time a second release, in form like the first.

When the proceeding in the board was abandoned by plaintiff, at the request of defendant, which was before any one of the contingencies contemplated by the rule as a circumstance to precede the delivery of the release to defendant happened, that release ceased to have any office to perform. It was not, therefore, delivered.

In the amended answer, defendant pleaded in effect an accord and satisfaction. But the evidence was that the $250 was not received in satisfaction of the indebtedness, but solely in return for a dismissal of the proceeding before the stock board. The verdict of the jury included a finding that the release pleaded was not delivered, and a finding that the averment in the amended answer, that plaintiff received $250 in full satisfaction of the discharge of defendant's debt, was not sustained. In view of the evidence, we are not authorized to set aside the verdict. The charges to the jury objected to by appellant, which were to the effect that the burden of proof was on defendant to prove the execution of the release set out in the answer, but that the execution (including delivery) *was proved,* by reason of the failure of defendant to deny the same by affidavit, were, in view of the evidence introduced by the defendants, tending to prove that the release was not delivered, more favorable to appellant than he was entitled to ask. The court, after giving to the jury the substance of the rules of the stock board above recited, said: " In this case the defendant has not introduced any evidence at all to show that either of these contingencies has happened," etc. This was a statement of a fact ; the defendant had not introduced such evidence. But if the language be construed to be an intimation that the *onus* was on defendant to prove the occurrence of one of the events mentioned in the rule, it could not have injured the defendant ; since, as we have seen, the undisputed testimony on his part showed that

the parties had contracted that the release should not be delivered. For the same reason the court did not err in charging: "The mere circumstance that the defendants here produce this release, in and of itself alone, *in view of the other evidence offered in this case,* would not entitle him to a verdict." And, because the defendant himself went behind the release, and proved the real nature of the transactions between the parties, the eleventh and twelfth instructions given by the court to the jury could not have prejudiced the appellant. And the court below was justified in refusing the instruction requested: "Since the due execution and genuineness of the release have not been so denied (by affidavit), it constitutes a bar to the action, and the jury will therefore find for the defendant." If, as shown by the testimony of defendant's witness, it was agreed between plaintiff and defendant, for a valuable consideration, that the release should not be delivered, but should go for naught, the attempt to assert it as a bar and discharge of plaintiff's demand was a fraud upon plaintiff; and as there was no conflict in the evidence that such contract was in fact entered into, the release was not a bar. The defendant having himself introduced the evidence showing that the release was not in fact delivered, was estopped from claiming the benefit of the admission arising out of plaintiff's failure to deny by affidavit "the genuineness and due execution" of the instrument.

Every averment of new matter in an answer is taken to be denied, except that if the answer recite a written instrument, the genuineness and due execution of the instrument are not to be taken as denied, but, on the contrary, as admitted, unless the plaintiff shall expressly deny the same under oath. It has been repeatedly held here, that where an averment of the complaint is not denied by the answer, still, if an action is tried upon the assumption that the averment is denied, and evidence *pro et con* introduced with reference to the supposed issue, a court is justified in holding, upon a preponderance of the evidence, that the averment is not true. By parity of reason, where the written instrument set forth in the answer is not denied by affidavit, yet if evidence in respect to that matter, and tending to show that the instrument is not genuine, or was not delivered, is introduced by plaintiff without objection on the part of defendant, or mo-

tion to strike out, and is met by counter-evidence on the part of defendant, the latter ought not to be permitted to claim that the genuineness and due execution of the instrument are admitted. *A fortiori*, where such evidence is first introduced by the defendant.

Judgment and order affirmed.

Ross, J., and McKEE J., concurred.