[S. F. No. 13498. In Bank.—October 30, 1931.]

VIOLET IZORA SHARP, Respondent, v. ARTHUR QUINN et al., Appellants.

Harold J. Abraham and P. L. Benjamin for Appellants.

Adams & Adams and Stewart G. Manson for Respondent.

SHENK, J.—This is an appeal from a judgment of mandatory injunction in favor of the plaintiff. The plaintiff and the defendants are, respectively, the owners of adjoining residence lots on Fortieth Avenue between Geary and Clement Streets in the city and county of San Francisco. The block is known as Outside Land Block No. 220. The tract was subdivided and sold by Jacob Weissbein. The plaintiff and the defendants deraign title from Weissbein and wife as their common grantors. Each original deed contained building restrictions among which were: That "walls of brick, stone or concrete . . . not exceeding six feet in height . . . may be placed thereon" and "that all residences facing on . . . 40th avenue shall be set back . . . not less than 15 feet from a point in the center of said front boundary of said lots". The plaintiff's residence was constructed in conformity with said restrictions. The defendants acquired the adjoining lot and constructed improvements thereon. The construction work was commenced on February 19, 1925, and was completed on June 18th of the same year. The court found that the house was built 13.38 feet from the front boundary line; and that a concrete wall had been constructed more than six feet in height and that said structures were in violation of said building restrictions. A judgment of injunction was entered commanding the defendants to move the building back or otherwise make such change therein as to conform to said setback restriction and likewise to cause the concrete wall so to conform. From this judgment the defendants have appealed.

Each original deed issued contained also the following provision: "Eighth. That at any time after sixteen (16) of the lots in said Outside Land Block No. 220 have been sold and conveyed by the said parties of the first part [Weissbein and wife], their heirs and successors or assigns, the several restrictions, conditions and covenants aforesaid

may be abrogated, rescinded, or annulled, in whole or in part, by the owners of not less than sixteen (16) of the lots in said block, evidenced by an instrument in writing executed by the said owners in the manner provided by law for the conveyance of real property, and duly recorded in the office of the county recorder aforesaid.''

One of the defenses interposed by the defendants was that on the seventh day of September, 1925, more than 16 lots in said block had been sold and conveyed by the original grantors and that on that day, pursuant to the eighth provision of said deeds, above quoted, an instrument in writing had been duly executed in the manner provided by law for the conveyance of said property, and in which it was provided that in accordance with the power conferred upon the signers of said instrument by the terms of said deeds ''that the restrictions, conditions and covenants hereinafter specifically set forth, and which said conditions, restrictions and covenants are a portion of those contained in the aforesaid deeds, are hereby abrogated, rescinded and declared to be null and void as to all of said Outside Land Block No. 220 and any part thereof''. Included in the restrictions so specified were those relating to the set-back line and the concrete wall. This instrument was, on the eleventh day of September, 1925, duly recorded in the office of the county recorder. Weissbein and wife joined in the execution of said instrument, but the plaintiff did not join. A copy of this instrument was annexed to and made a part of the answer. The genuineness and due execution of said instrument was admitted by failure to deny the same as provided in section 448 of the Code of Civil Procedure.

The complaint herein was filed on December 14, 1925. On the trial the defendants offered the instrument recorded on September 11, 1925, in evidence as defensive matter. On objection by the plaintiff, the instrument was excluded. The action on the part of the trial court in this regard is urged as the main ground for reversal. This contention presents the crucial point in the case.

It is conceded that the defendants acquired their lot with knowledge of said restrictions and that they were bound thereby so long as they were in force. It may also be taken for granted for the purposes of this case that

while said restrictions existed the requirements of *Werner* v. *Graham*, 181 Cal. 174 [183 Pac. 945], and *McBride* v. *Freeman*, 191 Cal. 152 [215 Pac. 678], were present and obtained with reference to the uniform plan of restrictions imposed for the benefit of all lot owners in the block.

The question is as to the effect of the instrument of abrogation and annulment of said restrictions. The plaintiff contends that inasmuch as the improvements of the defendants were constructed before said instrument of abrogation was executed, a vested right attached in her behalf to the perpetual enforcement of said restrictions which could not be affected by the subsequent abrogation without her consent. With this contention we cannot agree. When the plaintiff acquired her lot she became equally bound by the restriction plan with all of its incidents, one of which was that when the owners of sixteen lots agreed, and evidenced their agreement in the manner provided in her deed and all of the other deeds, to the effect that said restrictions shall no longer be binding, the plaintiff was bound by said agreement. In reality she was a party to the agreement that the restrictions might be abrogated in the manner provided and when such abrogation was so accomplished she must be deemed to have consented thereto and be bound thereby, even though she did not sign the instrument of abrogation. Consequently she cannot be heard to complain against that to which she has given her consent. ■ It may be assumed that she had a well-founded complaint against the violation of such restrictions prior to the filing of the instrument on September 11, 1925, and that prior to that date a court of equity would afford appropriate redress. It may also be assumed that the plaintiff in the present action would be entitled to such damages as she may have sustained prior to September 11, 1925, by reason of the violation by the defendants of said restrictions. But when said instrument was recorded on that day said restrictions ceased to exist, and the alleged violation thereof was then removed from the domain of equity.

■ We are not called upon to consider the reasonableness of said restrictions or the wisdom or propriety of providing for the abrogation thereof as was done in paragraph eight of the deeds. It is obvious that such provisions are matters of private contract as to which all parties thereto are

equally bound, in the absence of some controlling principle of law or public policy, none of which is present in this case.

The case of *Couch* v. *Southern Methodist University*, (Tex. Com. App.) 10 S. W. (2d) 973, 974, seems to be directly in point. In that case the deeds to the lots in the tract provided that the conditions and restrictions therein contained might be amended by a vote of three-fourths of the owners determined on a front-foot basis. The required number of voters agreed to amend the restrictions in such a way as to remove the block or blocks affected from a reserved residential district. The lower court enjoined a threatened violation of the restrictions. The judgment was reversed, the court saying: "The very instrument which creates the conditions likewise creates the right and the method to annul the restrictions. . . . The express authority conferred is to amend the 'conditions' so far as they affect the property conveyed, but the legal effect necessarily is to amend the contract or deed of conveyance through a change in the conditions. . . . The universal rule of construction of deeds, when there is uncertainty, is to adopt that construction most favorable to the grantee, for the grantor selects his own language, and the policy of the law . . . favors the utmost freedom of titles. . . . So that, conceding that the owners of that portion of the addition within the territory affected by this suit, have, by their proposed amendments, completely destroyed or removed the restrictions within that district, nevertheless such was clearly their right under the power conferred in the deeds."

The determination of the main contention of the defendants renders it unnecessary to pass upon other points in the case.

We conclude that the court erred to the prejudice of the defendants in excluding from evidence the instrument setting aside said restrictions, and that with said instrument in evidence the plaintiff has presented no case for equitable relief.

The judgment is reversed.

Richards, J., Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.