[Civ. No. 20449.   First Dist., Div. Three.   Feb. 14, 1963.]

MARIO L. BROVELLI, as Administrator, etc., et al., Plaintiffs and Respondents, v. DINA BROVELLI, as Executrix, etc., Defendant and Appellant.

Edward T. Koford for Defendant and Appellant.

Charles M. Giovanetti for Plaintiffs and Respondents.

DRAPER, P. J.— The gift deed relied upon by defendant-appellant in this quiet title action is wholly in English. Nonetheless, the case turns largely upon the meaning of an Italian word. Plaintiffs-respondents are the administrator with the will annexed of the estate of the deceased grantor and the sole beneficiary of that will.

Plaintiffs are the children of defendant and his first wife,

who died before any of the events here involved. The first wife was a niece of Giuseppe Monteggia. Monteggia spoke very little English. In 1952, when he was in his middle seventies, he told defendant that he "wanted to leave everything" to him and asked defendant to have a "*procura*" made. Defendant and his second wife testified that "*procura*" means gift deed, while an interpreter testified that the word means power of attorney. At defendant's direction, his attorney, who never talked to Monteggia, prepared a deed of gift transferring to defendant the real property here in issue, as well as all personal property of Monteggia, including bank accounts. It is conceded that no transfer of any personal property was intended. Defendant returned to Monteggia's home, and took him to a notary public. The notary read the deed to Monteggia, but the reading was in English, rather than in Italian, the language principally spoken by Monteggia. The latter then signed the deed, his signature was acknowledged, and he handed the deed to defendant, with instructions to record it after Monteggia's death.

Monteggia continued to live alone in the house on the deeded land until his death in 1959. Throughout that period, he paid all taxes, worked the land, harvested the crops, and took the profits. In 1957, he executed a will leaving all his property to plaintiff Bowers, the daughter of his niece.

In a detailed memorandum, the trial court concluded that "*procura*" means power of attorney; that Monteggia may well have entertained the view that such a power was an expedient way of having defendant "take care of things" after Monteggia's death; that delivery of the deed was not unconditional; that the actions of both grantor and grantee after execution of the deed were inconsistent with the theory of a present transfer of title; and that the real intention was that the purported transfer operate by way of testamentary disposition.

■■■ Defendant argues that the showing of execution and manual delivery of the deed renders inadmissible any evidence of subsequent acts of the parties, and in any event overcomes that evidence and establishes defendant grantee's title as a matter of law. But when the very question is whether the grantor ever parted with title, such evidence is admissible (*Williams* v. *Kidd*, 170 Cal. 631, 648, et. seq. [151 P. 1, Ann. Cas. 1916E 703]). ■■■ In such case, the issue of delivery with intent to presently transfer title is a question of fact for the trial court. (*Kelly* v. *Bank of America,*

112 Cal.App.2d 388 [246 P.2d 92, 34 A.L.R.2d 578]; *Henneberry* v. *Henneberry*, 164 Cal.App.2d 125 [330 P.2d 250]).

Here there is evidence that the grantor at all times intended to execute a document other than a deed, and that only his limited knowledge of English led him to sign the deed. This inference is buttressed by evidence of the conduct of the grantor, Monteggia, and conduct and declarations of defendant grantee, in the seven years from execution of the deed to grantor's death. The decisions relied upon by defendant (*Stewart* v. *Silva*, 192 Cal. 405 [221 P. 191]; *Ogg* v. *Gunderson*, 74 Cal.App.2d 384 [168 P.2d 793]; *Shaver* v. *Canfield*, 21 Cal.App.2d 734 [70 P.2d 507]; *Merritt* v. *Rey*, 104 Cal. App. 700 [286 P. 510]) do not aid him. In *Stewart*, even if all the testimony adduced by grantee were disbelieved, there was no evidence to overcome the presumption of delivery arising from the grantee's possession of the deed. Here, the evidence that grantor intended only a power of attorney casts grave doubt upon even the prima facie case. *Ogg, Shaver,* and *Merritt* are but applications of the rule that the issue is one of fact for the trial court.

Defendant, however, points out that due execution of the deed is admitted because the answer contained a copy of the deed and plaintiffs filed no affidavit denying it (Code Civ. Proc., § 448). He argues that admission of due execution includes an admission of delivery (*Stoneman* v. *Fritz*, 34 Cal. App.2d 26 [92 P.2d 1035]), and that in view of this admission, it was error to admit any parol evidence.

Our case, however, is readily distinguishable from *Stoneman*. There the grantee asserted the bar of section 448 and objected to the evidence when offered. Here the issue was not even mentioned in the trial court or in the opening brief to this court. It is referred to for the first time in defendant's closing brief. Not having raised the point below, and having himself introduced evidence of the circumstances of execution and delivery, defendant is estopped to rely upon section 448 on appeal (*Clark* v. *Child*, 66 Cal. 87, 91 [4 P. 1058]). Moreover, *Stoneman* merely enjoins admission of "evidence attacking the delivery," without specifying the nature of the attack. Here execution of the deed and its manual delivery to defendant are conceded. The issue is whether grantor and grantee intended these physical acts as a present transfer of title, or as a testamentary disposition. As shown in the cases cited above, evidence of the conduct of the parties was admissible on this issue. Further, plaintiffs' failure to file the af-

fidavit required by section 448 admits only genuineness and due execution. It does not bar evidence of other defenses, such as mistake (*Yeomans* v. *Lysfjord*, 162 Cal.App.2d 357, 361 [327 P.2d 957]). ▮ Here the evidence believed by the trial court showed that the Italian word used by decedent in seeking preparation of the document denoted a power of attorney, rather than a deed.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.