[Civ. No. 20908.   First Dist., Div. Three.   May 6, 1963.]

NEW CAPITAL FOR SMALL BUSINESSES, INC., Plaintiff and Respondent, v. CYRIL SAUNDERS, Defendant and Appellant.

Cyril Saunders, in pro. per., for Defendant and Appellant.

Shirley, Saroyan, Cartwright & Peterson and Robert E. Cartwright for Plaintiff and Respondent.

SALSMAN, J.—This is an appeal by Cyril Saunders from a judgment awarding respondent $14,000 plus interest and costs, on a common count for money had and received.

Appellant, an attorney at law, organized the respondent corporation February 9, 1960, and was its counsel. At time of organization there were three directors. On February 13, 1960, the board of directors was increased from three to seven. Appellant was one of the seven first directors, and remained a director at all times involved in the present controversy. The respondent corporation secured a permit from the Commissioner of Corporations for the sale of its stock, and on or about March 16, 1960, appellant made application to the Commissioner of Corporations for authority to act as agent of the respondent corporation in the sale of its stock. The commissioner's certificate of authority to act as respondent's agent issued to appellant on April 7, 1960. In the application appellant did not reveal the fact that he was a director of respondent. It was appellant's claim at trial that on March 5, 1960, he had been authorized by a resolution of the board of directors of respondent to make such an application, and that it was agreed by the board of directors he was to receive a 10 per cent commission on stock sales. He produced a copy of the minutes of the claimed meeting of the board, dated March 5, 1960. Two directors, however, testified no such meeting ever took place; that appellant was not authorized to act as agent in the sale of stock, nor was there any understanding or agreement he was to receive a commission on stock sold. The trial court found the claimed meeting of the board did not take place

and that appellant was not authorized by the respondent corporation to act as its agent or to be paid a commission on the sale of its stock. Respondent's stock was quickly sold, most of it through the efforts of persons other than appellant. On May 13, 1960, and July 12, 1960, appellant had issued to himself checks totalling $14,000 which he claimed as commissions on the sale of stock. The checks required two signatures, one of which was that of appellant, and the other that of respondent's treasurer. The trial court found that these funds were taken and removed from respondent's treasury without the knowledge, consent, approval or subsequent ratification of its board of directors, and thereupon rendered its judgment in respondent's favor.

Appellant's first contention on appeal is that the trial court's judgment is "an abuse of discretion" and has "effected an injustice" upon him. We understand this to be a challenge to the judgment on the ground that it is not supported by substantial evidence. In his brief appellant seeks to argue the effect of the evidence, forgetting that the conflicting evidence has been resolved against him. It is elementary that in our own review we must resolve all conflicts in favor of respondent, and indulge in every reasonable inference to support the judgment if possible. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

In the trial court, appellant contended, as he does on this appeal, that he was not a director of respondent; that he was authorized by respondent's board of directors and the Commissioner of Corporations to act as respondent's agent in the sale of its stock; that respondent's board of directors agreed to pay him a 10 per cent commission; that he sold the stock, took the money which he claims was his commission, and that he was legally entitled to what he took. The findings of the trial court, however, were against appellant. These findings are supported by evidence that the meeting of directors, at which appellant claims he was authorized to sell respondent's stock and receive a 10 per cent commission, was a special meeting of the directors; that at least two of the directors then comprising the board did not receive notice of any meeting and did not attend any such meeting; that appellant told several directors and prospective shareholders he was to receive a fee of $3,000 for organizing the corporation and that this was to be his only compensation; that the board of directors had never determined what

amount of stock, if any, had been sold by appellant; that the day after the board was increased from 7 members to 15 members and a general manager appointed, appellant took $8,000 from the treasury and did not notify members of the new board or the general manager, and that the first knowledge the new board obtained of appellant's extraction of $14,000 from the corporation's treasury came from an independent audit some six months after the election of the 15-man board and the appointment of a general manager. This evidence, together with other facts in the record not here related, clearly supports the trial court's findings.

▇ Appellant does raise three issues which require brief attention. He attached to his answer a copy of what he contends were the minutes of the meeting of respondent's board of directors dated March 5, 1960, and which, by resolution, purport to authorize him to act as agent in the sale of respondent's stock and to receive a commission. Respondent filed no affidavit denying the genuineness and due execution of these minutes (Code Civ. Proc., § 448). Hence, appellant contends, the issue of his authority and right to receive the funds in question is foreclosed and must be resolved in his favor. Code of Civil Procedure section 448 is inapplicable here. At trial appellant treated the question of the claimed meeting of respondent's board of directors on March 5, 1960, and the resolutions purportedly adopted, and the authenticity of the minutes, as issues in the case. He did not object to respondent's evidence relating to these questions and freely produced evidence of his own on every aspect of the dispute. Under these circumstances, having litigated the issue, appellant is estopped to rely upon Code of Civil Procedure section 448 and cannot now raise this issue on appeal. (*Clark* v. *Child,* 66 Cal. 87, 91 [4 P. 1058]; *Brovelli* v. *Brovelli,* 213 Cal.App.2d 16, 18-19 [28 Cal.Rptr. 422].) ▇ Moreover, in order for Code of Civil Procedure section 448 to be applicable the document pleaded must be the foundation of the defense, not merely evidence of a defense, as the minutes were here. ▇ Finally, respondent's failure to file the affidavit contemplated by the code section does not preclude proof of conflicting facts by other proper evidence at trial. (*Yeomans* v. *Lysfjord,* 162 Cal.App.2d 357, 361 [327 P.2d 957]; *Fresno City High School Dist.* v. *Dillon,* 34 Cal.App.2d 636, 642 [94 P.2d 86]; *Brovelli* v. *Brovelli, supra*; 29 Cal. L.Rev. 254, 255.) It follows therefore that evidence tending

to show that the claimed meeting of directors on March 5, 1960, was a special meeting, that no notice of a special meeting was given as required by respondent's by-laws, and that in fact the meeting did not take place at all, was properly received by the trial court.

Appellant complains that he was not allowed to introduce evidence to refute a charge in the complaint that he owed respondent $653.12 because of a secret profit on furniture sold to the corporation. The trial court correctly excluded all evidence on this subject because respondent withdrew the charge and abandoned the claim. Since there was no issue to be decided, the offered evidence had no proper place in the record.

Finally, appellant contends that under Corporations Code section 830 he is entitled to his costs. Appellant overlooks the fact that he has not been successful in the litigation, and that under Corporations Code section 830 a successful defense is a prerequisite to an award of indemnity for expenses, counsel fees and costs. He does not contend that he has been partially successful, and for this reason should be awarded indemnity, as he might do because of respondent's abandonment of its claim for reimbursement on the sale of the furniture. He confines his argument here to the proposition that, on the evidence, the trial court should have found him entitled to the funds he appropriated as a commission. This is a vain endeavor on this appeal, for although the evidence was conflicting, the trial court resolved these conflicts against appellant, and as we have previously observed, the record fully supports the trial court's judgment.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.