[Civ. No. 22652.   First Dist., Div. Three.   Nov. 29, 1965.]

ELSIE M. SMITH, Plaintiff and Respondent, v. ELAINE INEZ SMITH CAREY, Defendant and Appellant.

Kenneth S. Carey for Defendant and Appellant.

L. S. Hamm, B. E. Kragen, Lionel B. Benas and Peter L. Levy for Plaintiff and Respondent.

DRAPER, P. J.—Claiming under pre-1951 joint tenancy deeds to herself and her deceased husband, plaintiff sought to quiet title. Defendant is the daughter of the decedent by an earlier marriage. Her answer pleaded in full a 1953 deed from her father to her. Plaintiff did not file an affidavit denying "genuineness and due execution" of the 1953 deed (Code Civ. Proc., § 448). Plaintiff's pretrial statement asserted that an issue for trial was whether the 1953 deed to defendant was "effectively delivered by [decedent] to defendant with intent to pass any title". Defendant's pretrial statement asserted that the sole issue for trial was whether this deed was "procured by fraud, deceit, duress on or mistake of" decedent. The pretrial conference order listed for trial the issue "whether the deed . . . was properly made, executed and delivered." It is uncontradicted that plaintiff's attorney specifically stated at the conference that he asserted the issue of "requisite intent in making delivery" of the deed; the pretrial judge stated that this issue was included in the order as drawn; defense counsel neither objected to the order nor suggested that the issue of intent at time of delivery was barred by plaintiff's failure to file the affidavit required by section 448.

At trial, defendant objected to any evidence relating in any way to delivery. The objection was overruled. Defendant testified that decedent, when he handed her the deed, asked her not to record it until after his death, and said that her interest as grantee was to be effective after his death. It is undisputed that defendant did not assert title in the properties during the 10 years from deed to death of grantor; and that the latter sold some parcels described in the deed, and encumbered others, without defendant's consent. The court determined that the 1953 deed was manually delivered and accepted with the intent that it be effective only upon grantor's death and, since it does not meet the requirements of a will, it is wholly ineffective. Judgment quieted title in plaintiff. Defendant appeals. She asserts that the findings are im-

proper because contrary to the admission resulting from plaintiff's failure to comply with section 448.

On its face, the statute provides only that "the genuineness and due execution" of an instrument pleaded in the answer are admitted by failure to file and serve an affidavit of denial. Appellant, however, relies upon language of two decisions asserting that the statutory admission includes concession that the document "was delivered in the manner prescribed by law" (*Stoneman* v. *Fritz,* 34 Cal.App.2d 26, 28 [92 P.2d 1035]; *Oswald* v. *Northrop Aircraft, Inc.,* 62 Cal.App.2d 824, 828 [145 P.2d 635]).

Whatever the accuracy of this language, it leaves open the question whether the admission extends to delivery with intent to pass present title, or includes only manual tradition. *Oswald* involves only the deposit in mail of a notice. *Stoneman* concerned "evidence attacking the delivery" of deeds (34 Cal.App.2d 26, 27), without specifying the nature of the attack (see *Brovelli* v. *Brovelli,* 213 Cal.App.2d 16, 19 [28 Cal.Rptr. 422]). Here, as in *Brovelli,* subscription and physical delivery of the deed are conceded, and the sole issue is whether grantor and grantee intended these physical acts as a present transfer or as a testamentary disposition.

Failure to file the affidavit "does not establish incontrovertibly a valid delivery" (*McDonald* v. *Hewlett,* 102 Cal. App.2d 680, 689 [228 P.2d 83, 24 A.L.R.2d 1281]), but leaves open such issues as fraud, mistake, undue influence, mental incapacity (*Miller* v. *McLaglen,* 82 Cal.App.2d 219, 224 [186 P.2d 48]), all of which involve the question of intent.

Proof of physical handing over of the deed establishes a prima facie case of delivery, but it may be rebutted by evidence that the parties intended only testamentary disposition (*Dinneen* v. *Younger,* 57 Cal.App.2d 200, 204-205 [134 P.2d 323]). Arguably, the aims of section 448 are attained by provisions permitting pretrial demand for admission of genuineness of documents (2 Witkin, Cal. Procedure (1954) 1203). The adoption of the California discovery act has afforded this remedy, and minimizes contentions that the application of section 448 should be extended. In this light, we look more favorably upon the claim of waiver.

The benefit of section 448 may be waived (*Clark* v. *Child,* 66 Cal. 87 [4 P. 1058]; *Brovelli* v. *Brovelli, supra,* 213 Cal.App.2d 16, 19) and the pretrial conference order may be looked to in this connection (*Leavy* v. *Cooney,* 214 Cal.App.2d 496, 499 [29 Cal.Rptr. 580]). Here plaintiff's assertion of the issue of intent at time of manual delivery was fully stated

at pretrial conference, and the order fixed this issue as one to be tried. Defendant made no objection to the order, and did not at any time move to modify it. The issue thus was properly before the court for trial (*Wiese* v. *Rainville,* 173 Cal.App.2d 496, 508-509 [343 P.2d 643]). Defendant's resort to section 448, asserted only at actual trial, came too late.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.